WILLIS, ROBERT E., Associate Judge.
The appellant appeals from a final order dismissing his third amended complaint wherein he sought to recover for injuries allegedly sustained when his airplane was struck by the employee of a third party. He endeavors to impute the alleged negligence of the pilot to the defendant on the theory that the third party and the defendant were engaged in a joint business enterprise when the accident occurred. We affirm the action of the trial judge. There were other grounds in the motion to dismiss but we consider the question essential to the disposition of the cause here is the sufficiency of the complaint relative to the allegations that the defendant was engaged in a joint enterprise with the employer of the pilot of the airplane.
The pertinent paragraphs are as follows:
“1. On September 18, 1959, in a space approximately two hundred feet (200') southwest of the St. Lucie County Airport in St. Lucie County, Florida, one M. C. STONE negligently piloted and flew an airplane owned by *194 Defendant FORT PIERCE FLYING SERVICE, INC., a Florida corporation, and leased by defendant INDIAN RIVER NEWSPAPER, INC., a Florida Corporation, into and against an airplane which the plaintiff was flying.
“2. At said time and place M. C. STONE was employed by defendant, REELSTONE DEVELOPMENT CORPORATION, a Florida corporation; and was piloting said airplane in the scope of his employment on behalf of defendant, REELSTONE DEVELOPMENT CORPORATION.
“3. At said time and place Defendant REELSTONE DEVELOPMENT CORPORATION was engaged in a • joint enterprise with Defendant INDIAN RIVER NEWSPAPER, INC., a Florida Corporation, by its authorized agent and employee acting in the scope of his employment, to acquire aerial photographs of certain real prop- . er'ty owned by Defendant REEL-STONE. DEVELOPMENT COR- . PORATION, which were to be published.by Defendant INDIAN RIVER NEWSPAPER, INC., as part of a feature news story involving Mobile Home Courts in St. Lucie County, and for the employee of Defendant, IN- ' DIAN RIVER NEWSPAPER, INC., and to take additional photographs of .a dairy. That the benefit to be derived by taking the aerial photographs at said time and place would be shared by Defendant REELSTONE DEVELOPMENT CORPORATION and by Defendant, INDIAN RIVER NEWSPAPER, INC., in that the photo- . graphs would help sell copies of. Defendant INDIAN RIVER NEWSPAPER, INC.’s newspapers when it . was published therein, and would help publicize the Defendant REEL-STONE DEVELOPMENT CORPORATION’S Mobile Home Courts. The right to control, the aircraft and to ■ determine the method of acquiring the aerial photographs was shared by the Defendant INDIAN RIVER NEWSPAPER, INC., and by Defendant REELSTONE DEVELOPMENT CORPORATION, in that the employee of Defendant REELSTONE DEVELOPMENT CORPORATION piloted the aircraft in the scope of his employment, and that the employee of Defendant, INDIAN RIVER NEWSPAPER, INC., directed him where to fly and what flying positions to assume while taking the photographs. The expenses and losses incurred in the aforesaid joint enterprise were also to be shared by the aforesaid Defendants REELSTONE DEVELOPMENT CORPORATION and INDIAN RIVER NEWSPAPER, INC.,, in that Defendant REELSTONE DEVELOPMENT CORPORATION was to absorb the cost of the pilot’s time and Defendant INDIAN RIVER NEWSPAPER, INC., was to absorb the cost of the photographer’s time and the cost of the rental of the airplane.”
It is not sufficient to establish a joint enterprise between a pilot of an airplane and the employer of a passenger— such as would charge the employer with the negligence of the pilot in operating the plane — that the passenger indicated the route and the flying position of the plane and that the employer bore the cost of the rental of the airplane.
In Kislak v. Kreedian, 95 So.2d 510, at page 515, the Supreme Court of Florida said:
“In addition to the essentials of an ordinary contract, in contracts creating joint ventures there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained. 48 C.J.S. *195 Joint Adventures § 2, p. 809 and the authorities there referred to.”
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.