215 So.2d 61 (1968)
Theodore E. GREINER and Nancy C. Greiner, His Wife, William G. Harger and Fayette Harger, His Wife, and S.G. Latty and Eugena C. Latty, His Wife, Appellants,
v.
GENERAL ELECTRIC CREDIT CORPORATION, a Foreign Corporation Authorized to Do Business in the State of Florida, Eve Proctor, Richard H. Proctor, Eve Proctor, Inc., a Florida Corporation, et al., Appellees.
No. 1538.
District Court of Appeal of Florida. Fourth District.
October 31, 1968.
*62 William A. Harmening, Orlando, for appellants.
Richard W. Lassiter, of Gurney, Gurney & Handley, Orlando, for appellees-Proctor.
ANDERSON, ALLEN C., Associate Judge.
The case arose below as the result of a complaint seeking the enforcement of a conditional sales contract. All of the parties to this appeal were defendants in that proceeding.
A cross-claim was filed by Theodore E. Greiner and Nancy S. Greiner, his wife, William G. Harger and Fayette Harger, his wife, S.G. Latty and Eugena C. Latty, his wife, against Eve Proctor, Richard H. Proctor, Eve Proctor, Inc., a Florida corporation, and Evelyn Ouzts as a partnership doing business as The Birdcage, jointly and severally.
One of the cross-defendants, Evelyn Ouzts, by written agreement, assumed and agreed to make the payments required in the conditional sale contract. She does not deny this responsibility and in fact has not filed a brief or any other pleadings with this court. The cross-complaint alleges and concludes that the remaining cross-defendants were undisclosed partners of Evelyn Ouzts in the operation of the restaurant *63 known as The Birdcage and as a consequence are equally liable under the provisions of the assumption agreement.
Although admittedly only Evelyn Ouzts signed the agreement, and admittedly she signed as an individual the cross-complainants alleged a factual situation in their third amended cross-claim which they urge, if proved, results in a de-facto partnership with all of the partners jointly liable under the terms of the assumption agrement.
The trial judge granted a motion to dismiss. The cross-complainants elected not to plead further and this appeal resulted.
The cross-claimants in their brief state "It will be readily conceded that Cross-Defendants did not intend a partnership and there is no allegation that they ever held themselves out as a partnership. For these reasons, the contention of cross-claimants must necessarily stand upon the theory of a partnership raised by operation of law." (Emphasis added.)
An examination of the third amended cross-claim and the exhibits attached reveals there are no allegations to support a conclusion that the alleged partners agreed to divide either profits or losses; therefore, no partnership may arise "by operation of law."
We have not overlooked the allegations that Evelyn Ouzts had as lessee agreed to pay Eve Proctor, Inc., the lessor, a monthly rent of $210.00 per month or 6 per cent of the gross sales (less sales tax) or whichever sum is greater for the first year and a higher minimum monthly rental for the next year. However, this is a well accepted method of determining rents for various types of business properties. It is not sufficient to constitute an agreement to share profits, nor is the allegation that the cross-defendants forgave the payment of rent for a part of the term of the lease sufficient, to establish an agreement, express or implied, to share losses.
The case of Kislak v. Kreedian, Fla. 1957, 95 So.2d 510, is determinative of many of the issues in this case. It has been cited time and again by the courts of this state.
In dealing with the question of whether a complaint is sufficient it is said in Kislak v. Kreedian
"While the Rules of Civil Procedure provide that the complaint shall be sufficient if it informs the defendant of the nature of the cause against him, the complaint must sufficiently allege the ultimate facts which, if established by competent evidence, would support a decree granting the relief sought under law. In other words, the complaint must allege a cause of action recognized under law against the defendants; otherwise it does not, in contemplation of the rule, `inform the defendant of the nature of the cause against him.' To put it another way, the `nature of the cause' has reference to a cause of action cognizable under the law."
Quoting further,
"It has been universally held that while `joint adventure' and partnership are separate legal relationships, both relationships are governed by the same rules of law. The laws governing partnership are applicable to joint adventures. * * *
"* * *
"It is an elemental principle that the relationship of joint adventurers is created when two or more persons combine their property or time or a combination thereof in conducting some particular line of trade or for some particular business deal. There must be an agreement to share jointly on some agreed basis in not only profits but also losses. The relationship must arise out of a contract, express or implied. Such a contract is an indispensable prerequisite:
"* * *
"In addition to the essentials of an ordinary contract, in contracts creating *64 joint ventures there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained. * * *"
It appears unnecessary to review any of the additional authorities cited in this case. The ruling is affirmed.
CROSS and OWEN, JJ., concur.