PER CURIAM.
This appeal and cross appeal are directed to a final decree entered by the circuit court of Dade County on trial of two consolidated cases. Certain phases of the cause previously were presented here for *809 review. See Bankers Life & Cas. Co. v. Gaines Construction Co., Fla.App.1966, 191 So.2d 478; Bankers Life & Cas. Co. v. Gaines Construction Co., Fla.App.1967, 199 So.2d 482; Carol City Utilities, Inc. v. Gaines Construction Co., Fla.App.1967, 201 So.2d 242.
In a comprehensive decree the trial judge set out the facts and dealt with the legal questions presented and involved, as follows:
“The above styled consolidated causes coming on for trial and final hearing upon the pleadings and proceedings in the above styled causes, and the Court having heard the testimony of the parties and their witnesses, considered the exhibits admitted in evidence on behalf of the respective parties, heard the argument of their counsel, and having duly considered same, finds the facts as established by the testimony adduced and exhibits admitted in evidence to be as follows:
“On April 15, 1966, Gaines Construction Company recovered a judgment in the sum of $658,297.04 against Carol City Utilities, Inc. in Case No. 61L 282 in the Circuit Court of Dade County, Florida, which was duly recorded on April 21, 1966, in Official Record Book 5028 at Page 227 of the Public Records of Dade County, Florida, upon which execution was issued on May 5, 1966, and placed in the hands of the Sheriff of Dade County, Florida. On May 17, 1966, ‘Gaines’ filed its suit entitled Gaines Construction Company, a Florida Corporation, Plaintiff vs. Carol City Utilities, Inc., Bankers Life and Casualty Company and Jack P. Schliefer, as Defendants, Case No. 66C 5294, in this Court seeking appointment of a receiver in aid of its said execution to satisfy its judgment against ‘Carol City.’ Three days later, on May 20, 1966, Bankers Life and Casualty Company filed its suit, Case No. 66C 5499, in which it sought to foreclose a $390,000.00 mortgage and, as a second cause of action, alleged that a deed made by ‘Carol City’ to ‘Bankers’ dated July 5, 1955, recorded in Deed Book 4118 at Page 516 and 517, a copy of which was attached to Ex. ‘B’ to said complaint, was executed and delivered to secure future advances in the total amount of $3,572,553.47, with interest to March 31, 1966, and sought foreclosure of said deed as a mortgage. Said deed, Ex. ‘B’ to ‘Bankers’ ’ complaint is marked Plaintiff’s Ex. 2, and is one of twenty-eight deeds executed and delivered under, by virtue of, and in accordance with a letter of May 26, 1955. The suit brought by ‘Gaines,’ Case No. 66C 5294, was consolidated with the suit brought, by ‘Bankers,’ Case No. 66C 5499, for trial, and all of the proceedings, testimony and evidence in this cause has been considered as having been received in Case No. 66C 5294.
“In paragraph 9 of the ‘Bankers’ complaint, it is stated that ‘Carol City’ consented to the appointment, without notice, of a receiver in 66C 5499, and a telegram attached to the complaint signed by Horace D. Miller, as President of ‘Carol City’ dated May 20, 1966, consented to such appointment. It appeared during the interim proceedings which resulted in the appointment of W. C. Herrell, as Receiver in both these causes, that Miller was an employee of ‘Bankers,’ and that ‘Bankers’ now owns 80% of the stock of ‘Carol City.’ Under such circumstances, it is understandable why ‘Carol City’ took no active part in this case, not offering any testimony or evidence but participating only with ‘Bankers.’ It appears clear, and the Court so finds, that the suit was filed by ‘Bankers’ for the sole purpose of defeating the judgment recovered by ‘Gaines.’ Until the ‘Gaines’ judgment was recovered nothing had disturbed the relationship between ‘Bankers’ and ‘Carol City’ for years.
“It appears from the testimony offered in these cases that sometime prior to 1954, Julius Gaines, the late Carl Byoir, W. Carroll Wilson and others were engaged in the development of a large land subdivision and townsite in Northwestern Dade County known as Carol City, Florida, which they *810 carried on primarily through two corporations, one named GW-Ten, Inc., and the other named Carol City Utilities, Inc., herein referred to as ‘Carol City.’ ‘Carol City’ borrowed $390,000.00 from Plaintiff, Bankers Life and Casualty Company, hereinafter called ‘Bankers,’ by its demand note dated September 28, 1954, which was secured by a mortgage of that same date encumbering its water and sewer plant located on the land hereinafter described. At all times material to these cases ‘Carol City’ has operated a large water and sewer plant under a franchise or certificate of public convenience and necessity issued by the Metropolitan Dade County Water and Sewer Board.
“In the Spring of 1955, GW-Ten, Inc., and ‘Carol City’ encountered financial difficulties and needed funds to complete the development of said land subdivision and townsite, Carol City, Florida, in order to carry on the actual work of development. This included building bridges, paving streets, completing, enlarging and extending the water and sewer plant and water and sewer lines throughout the townsite, and building houses therein. In order to complete these various projects and to pay off large sums due upon various tracts of land which were a necessary and integral part of said subdivision or townsite, the stockholders of GW-Ten, Inc., and ‘Carol City’ approached John D. MacArthur, as President of ‘Bankers’ and extended conferences resulted in a written proposal by ‘Bankers’ to the stockholders of GW-Ten, Inc., and ‘Carol City’ to complete the development of said subdivision or townsite, which proposal, was admitted in evidence, without objection.
“This written proposal was accepted by the stockholders of GW-Ten, Inc., and ‘Carol City’ and each signed a copy of said proposal. It was thereafter agreed that the assets of GW-Ten, Inc. and ‘Carol City’ would be conveyed to ‘Bankers’ instead of a ‘trustee’ designated by ‘Bankers,’ as provided in said proposal. All parties agreed that ‘all of the assets’ of GW-Ten, Inc. and ‘Carol City’ were then conveyed to ‘Bankers’ by 28 deeds admitted in evidence, all of which were executed and delivered to ‘Bankers’ for a common purpose, and by a single transaction, namely, to effectuate the agreement embodied in the letter of May 26,1955.
“After said 28 deeds had been executed and delivered to ‘Bankers,’ ‘Bankers’ began to pay out funds under, by virtue of and in accordance with and pursuant to said letter of May 26, 1955, for various purposes connected with the completion of the development of said land subdivision or townsite and over a period extending from May 26, 1955 to May 31, 1966, ‘Bankers’ paid out between $6,000,000 and $10,000,000 for the purpose of completing the development of the land subdivision or townsite known as Carol City, Florida. The evidence and testimony offered by ‘Bankers’ shows that one of the funds paid out by ‘Bankers’ was paid to GW-Ten, Inc. or ‘Carol City’ directly and the records of ‘Bankers’ and the testimony of Edward A. Cody, the Manager of the Investment Accounting Department of ‘Bankers,’ and Chester D. Erwin, an accountant, show all of said funds were paid out on the ‘Carol City Project’ without any attempt by ‘Bankers’ to allocate or charge any of such funds to GW-Ten, Inc. or to ‘Carol City.’ The funds paid out by ‘Bankers’ on the ‘Carol City project’ were not carried upon the books or records of ‘Bankers’ as a loan and, indeed, the records of ‘Bankers’ do not purport to be an account between ‘Bankers’ as creditor, and GW-Ten, Inc. and ‘Carol City’ as debtors. The books and records of ‘Bankers’ reflect a single transaction designated as the ‘Carol City Project,’ and are devoid of and do not disclose any transaction or account between ‘Bankers, on one hand, and GW-Ten, Inc., or ‘Carol City’ on the other hand; indeed, the names of GW-Ten, Inc., or ‘Carol City’ do not appear on ‘Bankers’ ’ books and records. The statement prepared by Erwin, an accountant, employed by ‘Bankers,’ was prepared from *811 books and records of GW-Ten, Inc and ‘Carol City’ as ‘inter-company transactions between those two entities,’ and not from the books and records of ‘Bankers’ showing as lender and GW-Ten, Inc., and/or ‘Carol City’ as borrowers. In other transactions, the books and records of ‘Bankers’ reflect ‘loans’ or ‘loans,’ viz: ‘Bankers’ ’ books and records of the $390,000.00 mortgage loan to ‘Carol City,’ which they seek to foreclose in this case is carried specifically as a loan. In April of 1957, ‘Bankers’ as vendor, sold a large part of the subdivision or townsite of Carol City, Florida to G. & G., Inc. as vendee. The purchase money mortgage held by ‘Bankers’ in that transaction is specifically shown on the books and records of ‘Bankers’ as a mortgage. ‘Bankers’ sold the subdivision known as Carol City, Florida to D. & G., Inc., for a total sum of $9,226,600 and received upon the purchase price $5,807,021.-12, according to Edward A. Cody, the Manager of the Investment Accounting Department of ‘Bankers’ and then later foreclosed its purchase money mortgage and recovered a substantial part of said subdivision.
“The trial of this cause fails to disclose that ‘Bankers’ has ever at any time during the progress of this cause, claimed to be the legal, equitable and beneficial owner of the property described in said deed.
“The judgment obtained by Gaines Construction Company, which is the subject matter of its suit No. 66C 5294 and which suit brought on ‘Bankers’ ’ suit No. 66C 5499,.was for work done, in building and completing the water, sewer plants and lines, sidewalks, bridges and other structures which are the ‘heart’ of the entire Carol City project. To this date Gaines Construction Company has not been paid for its work.
“The court, therefore, further finds and orders:
"1. That the mortgage made by Carol City Utilities, Inc., a Florida corporation to
Bankers Life and Casualty Company, dated September 28, 1954, recorded in Mortgage Book 3189 at Page 441 of the Public Records of Dade County, Florida, and the promissory note in the principal sum of $390,000.00 described therein and secured thereby is a valid subsisting lien upon the property situated in Dade County, Florida described therein, (the present amount thereof to be yet determined) prior in dignity to any right, title, interest or claim of Defendants or any person, firm or corporation claiming by, through or under them since the date of filing of lis pendens in this cause.
“2. That the judgment held by Gaines Construction Company, as Plaintiff, against Defendant, Carol City Utilities, Inc., dated April 15, 1966, recorded in Official Record Book 5028 at Page 227 of the Public Records of Dade County, Florida, is a good, valid subsisting lien securing the sum of $658,297.04, with interest thereon at 6% per annum from April 15, 1966, until paid, upon the franchise or certificate of public convenience and necessity issued by the Metropolitan Dade County Water and Sewer Board to Defendant, Carol City Utilities, Inc., superior and prior in dignity to the right, title, interest or claim of Defendant, Carol City Utilities, Inc., or Defendant, Jack P. Schliefer, or Plaintiff, Bankers Life and Casualty Company, or any persons, firms or corporations claiming by, through or under either of them since the 21st of April, 1966, and is a valid, subsisting lien upon the real and personal property described in paragraph (4) of Plaintiff’s complaint, to secure the amount aforesaid, second in priority and dignity only to the lien of said mortgage, described in said paragraph (1) above.
“3. That said deed made by Defendant, Carol City Utilities, Inc., a Florida corporation, to Bankers Life and Casualty Company, dated July 5, 1955, recorded in Deed Book 4118 at Page 516 and 517 of the Public Records of Dade County, Florida, is not *812 a valid, enforceable mortgage to secure future advances by reason of the fact that:
“(a) The instrument relied on was not considered by the parties to be a mortgage, but was one of a series of documents exchanged by the parties when they became joint venturers in the completion of the entire Carol City project.
“(b) No maximum principal amount to be secured thereby, plus interest thereon, and any disbursements made for the payment of taxes, levies, or insurance on the property described therein is specified in said deed as required by Section 697.04 Florida Statutes [F.S.A.], and said deed is not enforceable as a mortgage by reason of the fact that Plaintiff has failed to show compliance with Section 199.141 Florida Statutes [F.S.A.], and neither said deed nor the 27 other deeds executed as part of the same transaction bear any notation either by the tax collector nor the Clerk of the Circuit Court showing payment of the tax imposed by Sections 3(a) and 3(d) of said statute, and
“(c) The Court is further of the opinion that said deed made by Defendant, Carol City Utilities, Inc. to Bankers Life and Casualty Company, dated July 5, 1955, recorded in Deed Book 4118 at Pages 516 and 517 of the Public Records of Dade County, Florida, was not a mortgage for the reason that the testimony and evidence contains no proof of an obligation to be secured by it in the form of a loan or debt, and without such proof there can be no mortgage. The Plaintiff’s own testimony and evidence shows that the books and records of ‘Bankers’ do not disclose a loan to GW-Ten, Inc., or to ‘Carol City’ or either of them, but instead, show a single record of disbursements in connection with the ‘Carol City Project’ and that all funds were disbursed ‘with no attempt to separate or distinguish funds paid out for GW-Ten, Inc., or Carol City Utilities, Inc.’ ‘Bankers’ ’ books and records on the ‘Carol City Project’ were not set up or maintained as a loan account between ‘Bankers’ as lender or creditor, and GW-Ten, Inc., or ‘Carol City’ as borrowers or debtors. In view of the language, terms and conditions of the letter of May 26, 1955, and in view of the fact that ‘Bankers’ did not, in its own books and records treat the disbursements in connection with the ‘Carol City Project’ as a loan, there is no evidence to support a finding that said transaction was a loan, or created any liability or obligation upon GW-Ten, Inc. or ‘Carol City’ to repay the funds paid out by ‘Bankers’ to complete the ‘Carol City Project,’ which would support an action therefor by ‘Bankers’ against either GW-Ten, Inc. or ‘Carol City’ which is essential to a finding that said deed was a mortgage. The Court is of the opinion that the agreement between Plaintiff, ‘Bankers,’ and the stockholders of GW-Ten, Inc. and ‘Carol City’ by the letter of May 26, 1955 created a joint venture pursuant to which the stockholders of GW-Ten, Inc. and ‘Carol City’ contributed all of the assets of GW-Ten, Inc. and Carol City Utilities, Inc., and ‘Bankers’ agreed to contribute the funds necessary to complete the development of the land subdivision or townsite, Carol City, Florida with the agreement that when said development was completed and the property sold the profits, if any, from said joint venture would be divided equally between Plaintiff, ‘Bankers’ and the stockholders of GW-Ten, Inc. and ‘Carol City.’ The provisions requiring notice to the stockholders of GW-Ten, Inc. and ‘Carol City’ before ‘Bankers’ could sell any of said property, and giving those stockholders an opportunity to meet any price, and the agreement of ‘Bankers’ to be guided by the advice and judgment of W. Carroll Wilson and Julius Gaines vested a right to control in the stockholders, and since in the event of loss, the stockholders of GW-Ten, Inc. and ‘Carol City’ would have lost the assets and property which they contributed and Plaintiff, ‘Bankers’ would have lost the money it invested in the completion of said land development or town-site known as Carol City, Florida, there was a sufficient agreement to share losses.
*813 “(d) Plaintiff, ‘Bankers’ having agreed to furnish the funds required to complete the development of the land subdivision or townsite of Carol City,- Florida by the letter agreement of May 26, 1955 is estopped to claim or contend that the right, title, interest or claim of ‘Bankers’ in and to any of the property conveyed by the stockholders of GW-Ten, Inc. or ‘Carol City’ is prior or superior in dignity to the claim of Gaines Construction Co. under its judgment against Carol City Utilities, Inc. and therefore the land described in said deed is subject to the lien and operation of said judgment procured by Gaines Construction Co. against Carol City Utilities, Inc., in the sum of $658,297.04 together with interest and costs.
“It is, therefore,
“Considered, Ordered and Adjudged as follows:
“(a) That Bankers Life and Casualty Company’s mortgage and note in the original amount of $390,000.00 dated September 28, 1954, recorded in Mortgage Book 3189 at Page 441 of the Public Records of Dade County, Florida is a first lien upon the real estate therein described as follows: [Here inserting legal description.]
“Additional testimony by the parties is, however, required by the Court in order that a determination of the present amount due and unpaid on said mortgage and note can properly be made.
“The Honorable W. C. Herrell, Receiver in both these present suits did on March 13, 1967, file his ‘Receiver’s Petition for Rule to Show Cause’ against ‘Bankers’ in which he alleges that ‘Bankers’ received from ‘Carol City’ the sums of $150,197.92 on March 25, 1966, $112,861.39 on March 25, 1966, $50,355.06 on May 6, 1966, and requested an order requiring said money to be repaid to him as Receiver for ‘Carol City.’
“On January 17, 1967, the Receiver had filed a prior ‘for Order to Show Cause’ requesting an order requiring ‘Bankers’ to pay to ‘Carol City’ the sum of $114,259.17 in ‘customer’s deposits’ of ‘Carol City’ which ‘Bankers’ had transferred to its account from the account of ‘Carol City.’ On January 30, 1967, this Court entered its order requiring ‘Bankers’ to pay over to the Receiver of ‘Carol City’ the sum of $94,925.36, representing customers’ deposits of ‘Carol City.’ This order was appealed and the District Court of Appeal of Florida, Third District, Case No. 67-182, January Term, A.D.1967 reversed the order entered by this Court and upheld the contention of ‘Bankers’ taken in said appeal ‘that the moneys were part of a $114,259.17 payment made upon an indebtedness of Carol City Utilities and was duly credited thereon.’
“Under the findings and order made by this Court in this Judgment, it follows that additional testimony must be taken to determine the amount, if any, remaining due on the note and mortgage of ‘Carol City’ held by ‘Bankers” in the original sum of $390,000.00.
“(b) That the judgment held by Gaines Construction Company, as Plaintiff, against Defendant, Carol City Utilities, Inc., dated April 15, 1966, recorded in Official Record Book 5028 at Page 227 of the Public Records of Dade County, Florida, is a good, valid subsisting lien securing the sum of $658,297.04, with interest thereon at 6% per annum from April 15, 1966, until paid, upon the franchise or certificate of public convenience and necessity issued by the Metropolitan Dade County Water and Sewer Board to Defendant, Carol City Utilities, Inc., and superior and prior in dignity to the right, title, interest or claim of Defendant, Carol City Utilities, Inc., or Defendant, Jack P. Schliefer, or Plaintiff, Bankers Life and Casualty Company or any person, firms or corporations claiming by, through or under either of them since the 21st day of April, 1966, and is a valid, subsisting lien upon the real and personal property described in paragraph (a) above, to secure the amount aforesaid, second in priority and dignity only to the lien of said *814 mortgage, described in said paragraph (a) above.
“(c) The second cause of action in the complaint of Plaintiff, ‘Bankers’ is hereby dismissed with prejudice at its costs.
“(d) That ‘Bankers’’ Motion to Dismiss and Motion to Strike a Portion of the Counterclaim filed by ‘Gaines’ upon which this Court entered its order dated February 2, 1967, reserving ruling is now and hereby dénied.
“(e) That neither party shall recover costs against the other, each party being taxed its own costs incurred.
“(f) The Court reserves jurisdiction of the cause and the parties to make any further orders or any further judgments necessary to carry this Judgment of Findings and Orders into effect, and for the express purpose of crediting upon said $390,000.00 mortgage debt due to ‘Bankers’ all sums in the hands of the Receiver, or in the hands of ‘Bankers,’ heretofore withdrawn from the bank accounts or deposits of ‘Carol City’ which may be shown by proof to be entitled to such credit.”
The several points presented by the appellant challenged the holding of the trial court that the deeds in question which were made to the appellant were not mortgages, and the holding that there was a joint venture. The appellee Gaines Construction Co., on a cross appeal, contends the trial court should have entered judgment in its favor against the appellant Bankers Life and Casualty Company for $658,297.04 (the amount of the judgment it had obtained against the appellee Carol City Utilities, Inc.).
On consideration of the parties’ contentions on this appeal, in the light of the record and briefs, we find no reversible error has been shown. The trial judge’s findings are supported by the evidence, and in our view the court correctly decided the legal questions involved, and we see no need to add to the above quoted final decree.
Accordingly, the decree appealed from is affirmed, and the cause is remanded for further proceedings consistent with the reservations of jurisdiction made in the decree.
Affirmed.