296 So.2d 536 (1974)
FLORIDA TOMATO PACKERS, INC., Appellant,
v.
Janie R. WILSON, As Administratrix of the Estate of Willie Floyd Wilson, and Janie R. Wilson, Individually, Appellees.
Nos. 73-217, 73-218 and 73-348.
District Court of Appeal of Florida, Third District.
May 7, 1974.
Rehearing Denied July 17, 1974.
*538 Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellant.
Horton & Perse, Fuller, Brumer, Moss, Cohen & Rodgers, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and RICHARDSON, GEORGE, Jr., Associate Judge.
RICHARDSON, GEORGE, Jr., Associate Judge.
On or about September 23, 1971, an automobile owned and operated by Willie Floyd Wilson was hit by a farm vehicle owned by George E. Lytton, and driven by Arnold Campbell. The accident occurred in a rural area of Dade County at the intersection of a main highway and a publicly dedicated sand and gravel road.
In November, 1971, Willie Floyd Wilson and Janie R. Wilson, his wife, filed their complaint for damages, naming defendants, Arnold Kendall, George E. Lytton and Southern Farm Casualty Insurance Company.
During the proceedings, the appellee, Willie Floyd Wilson, died and Janie R. Wilson, as administratrix, was substituted in his place under the Florida Survivor Statute.
Thereafter the complaint was amended to add the appellant, Florida Tomato Packers, Inc., alleging Kendall was an employee, agent and/or servant of the appellant. L & D Farms was also added as a defendant.
During the course of the trial the appellee entered into settlement agreements with all defendants except Florida Tomato Packers, Inc. Those defendants were released from any and all liability and dismissed from the cause. The trial continued against only the appellant.
This appeal is from a final judgment after jury verdict and an amended final judgment in favor of the appellee against the appellant entered by the Circuit Court, Dade County, Florida.
Arnold Campbell was employed as a farm hand by Lytton and had been so employed for approximately two or three years. Lytton is a farmer who grows tomatoes in Dade County, Florida. The appellant, Florida Tomato Packers, Inc., is a corporation engaged in the business of packing, selling, wholesaling and distributing tomatoes.
It appears that Lytton and the appellant entered into an arrangement whereby Lytton would do the farming and the Florida Tomato Packers, Inc., would furnish funds and marketing.
The funds of over $100,000.00 supplied by the appellant were placed in a checking account under the name of L & D Farms and Paul DiMare, manager for the appellant, was the only signatory on that account. Lytton was responsible for planting the tomatoes, raising them and getting them to the appellant's warehouse. The appellant paid all of Lytton's farming bills, including for land rental, equipment rental, equipment repair, gasoline and oil, seeds and fertilizer, and all labor from the L & D Farms checking account. When the tomatoes arrived at the packing house, the appellant packed, crated, shipped and sold the crop. After deducting all expenses paid for the Lytton farm operation and the cost of the packing, shipping and selling, any profits were equally divided between Lytton and the appellant. The appellant contended that the aforementioned operation was either a partnership or a joint venture between Lytton and the appellant and claims that it was really only a loan and that the appellant had absolutely no control or direction over Lytton's farm operations.
*539 A partnership is usually defined as a voluntary contractual relationship between two or more competent persons to place their money, effects, labor and/or skill in lawful commerce or business, with the understanding that there shall be a communion of profits between them. See 24 Fla.Jur., Partnership, § 2.
A joint venture, although a less formal relationship, partakes of many of the characteristics of a partnership. A joint venture has been defined as a special combination of two or more persons, who, in some specific venture, seek a profit jointly without the existence between them of any actual partnership, corporation, or other business entity. It is an association of persons or legal entities to carry out a single business enterprise for profit. See LaMar v. Lechilder, 1939, 135 Fla. 703, 185 So. 833; and Proctor v. Hearne, 1930, 100 Fla. 1180, 131 So. 173. Corporations may be members of a joint venture. E.g., Bankers Life & Casualty Co. v. Carol City Utilities, Inc., Fla.App. 1968, 216 So.2d 808, cert. dism., Fla. 1968, 228 So.2d 97; see also, Anno. 60 A.L.R.2d 917.
It has been held that as between the parties the existence of a contract is essential to the creation of the relationship of joint venturers. However, it is well established that the contract need not be express or embodied in a formal written agreement specifically defining the rights and duties of the parties. The existence of such a contract  and hence a joint venture  may be implied or inferred from the conduct of the parties or from acts and circumstances which in fact make it appear that they are participants in a joint venture. The courts of Florida have not hesitated to imply the existence of a contract. See Keck v. Schumacher, Fla.App. 1967, 198 So.2d 39; Greiner v. General Electric Credit Corp., Fla.App., 215 So.2d 61; Ellison v. Riddle, Fla.App. 1964, 166 So.2d 840; Kislak v. Kreedian, Fla., 95 So.2d 510; Russell v. Thielen, Fla. 1955, 82 So.2d 143; Campbell v. Jacksonville Kennel Club, Inc., Fla. 1953, 66 So.2d 495; and Hyman v. Regenstein, 5 Cir., 222 F.2d 545. The Florida courts have held that to create a joint venture relationship, there must be concurrence of the following elements: (1) a community of interest in the performance of the common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained. E.g., Hewitt v. Price, Fla. App. 1969, 222 So.2d 247; Greiner v. General Electric Credit Corp., supra, Fla.App., 215 So.2d 61; Kislak v. Kreedian, supra, Fla., 95 So.2d 510; and Campbell v. Jacksonville Kennel Club, Inc., supra, Fla. 1953, 66 So.2d 495.
In Florida a duty to share in losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital since in the event of a loss, the party supplying the knowhow would have exercised his skill in vain and the party supplying the capital investment would have suffered a diminishment thereof. Russell v. Thielen, Fla. 1955, 82 So.2d 143.
Participants in a joint venture are each liable for the torts of the other or of the servants of the joint undertaking committed within the course and scope of the undertaking, without regard to which of the joint venturers actually employed the servant. Hoover v. Indian River Newspaper, Inc., Fla.App. 1964, 165 So.2d 193; Soden v. Starkman, Fla.App. 1969, 218 So.2d 763.
This court finds the record contains more than ample evidence to provide the legal predicate for the jury finding that a partnership and/or joint venture relationship existed between George F. Lytton and Florida Tomato Packers, Inc.
The trial court did not commit error in giving appellee's requested instruction No. 8 as set forth below since it correctly *540 states the law. Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4, and Russell v. Thielen, Fla. 1955, 82 So.2d 143:
"Under Florida law, a duty to share in losses is legally implied to exist in the situation where one of the joint ventures supplied the labor, experience, and skill and the other the necessary capital, since in the event of a loss, the party supplying the `know how' would have exercised his skill in vain and the party supplying the capital investment would have suffered a diminishment thereof, and hence, both parties would effectually share the losses if the venture were unsuccessful."
The appellant contends that when a plaintiff releases from liability the only active tort feasor, Arnold Kendall, the active tort feasor's vicariously liable employer, George F. Lytton, and the employer, L & D Farms, d/b/a an alleged partnership with Florida Tomato Packers, Inc., that Florida Tomato Packers, Inc., was released from any possible liability for the acts of the active tort feasor.
We do not agree. It has been held that § 768.041, Florida Statutes, F.S.A., applies to all tort feasors, whether joint or several, including vicarious tort feasors. Hertz Corporation v. Hellens, Fla.App. 1962, 140 So.2d 73; Mathis v. Virgin, Fla.App. 1964, 167 So.2d 897, cert. den., Fla. 1965, 174 So.2d 30; Talcott v. Central Bank & Trust Co., Fla.App. 1971, 247 So.2d 727, cert. dis., Fla. 1972, 262 So.2d 658.
Motions for directed verdict, judgments in accordance with motion for directed verdict upon which ruling has been withheld, and judgments n.o.v., all share the following rules relating to their disposition by the trial court, and, on review, by an appellate court. Such motions should be cautiously granted and affirmed, and then only when it can be said, after viewing the evidence and testimony in the light most favorable to the non-moving party, that a jury could not reasonably differ as to the credibility of the witnesses, or the existence of a material fact or a material inference, and that the movant is entitled to judgment as a matter of law. E.g., McCabe v. Watson, FlaApp. 1969, 225 So.2d 346, cert. den., Fla. 1970, 232 So.2d 739; Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; and Deese v. White Belt Dairy Farms, Inc., Fla.App. 1964, 160 So.2d 543.
Based on the facts set forth and the record, this court finds that the trial judge properly submitted the question of a partnership and/or joint venture to the jury.
The trial court properly denied the appellant's motion for new trial on grounds that the jury award to appellee on her widow's claim for damages from the date of the subject accident to the date of death was excessive and contrary to the manifest weight of the evidence. It is well settled that the verdict of the jury will not be disturbed by this court of appeal where there is ample, substantial evidence to support such verdict nor will this court substitute its judgment for that of the jury as to the amount of damages to which the plaintiff is entitled unless the amount found is so excessive as to indicate the jury was influenced by passion, prejudice, corruption and other improper motives.
Therefore, for the reasons stated and upon the authorities cited, the judgment and amended final judgment are affirmed.
Affirmed.