**Dana TERRY and Tyrone Terry, Plaintiffs,**

v.

**CARNIVAL CORPORATION d/b/a Carnival Cruise Lines, corporation for profit and Felix Herrera, M.D., Defendants.**

No. 17–21036–CIV–KING/SIMONTON

United States District Court, S.D. Florida.

Signed 08/10/2017

Peter G. Walsh, David W. Singer, David W. Singer & Associates, P.A., Hollywood, FL, Robert D. Peltz, The Peltz Law Firm, Miami, FL, for Plaintiffs.

Christopher Edson Knight, Marc J. Schleier, Fowler White Burnett, Miami, FL, Michael J. Drahos, Goldberg Segalla, West Palm Beach, FL, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CARNIVAL'S MOTION TO DISMISS

JAMES LAWRENCE KING, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** comes before the Court upon Magistrate Judge Andrea M. Simonton's July 5, 2017, Report and Recommendation ("R&R") (DE 12), which recommends granting in part and denying in part Defendant Carnival's Motion to Dismiss (DE 6). The Court has additionally considered Defendant's Objections (DE 16), and Plaintiff's Response thereto (DE 19).

As background, Plaintiff filed a five count complaint against Defendants Carnival and Dr. Felix Herrera, alleging (1) negligence of Dr. Herrera; (2) liability of Carnival for medical negligence based upon actual agency; (3) vicarious liability of Carnival for medical negligence based upon apparent agency; (4) joint venture; and (5) loss of consortium by Plaintiff Tyrone Terry. DE 1. Defendant Carnival has

moved to dismiss the joint venture and loss of consortium counts. The matter was referred to Magistrate Judge Simonton pursuant to the undersigned's Order of Referral (DE 7).

The R&R first addresses the joint venture claim. After thorough analysis of each element of joint venture, the Magistrate concludes that the motion to dismiss should be denied as to this count. Specifically, the Magistrate finds that Plaintiff adequately pled the intent element by alleging that Carnival incorporated medical facilities and competent medical staff into its business plan. The joint control element is likewise found to be adequately pled, as Plaintiff has alleged that Defendant Dr. Herrera exercised day to day control over the operation of the medical facility, while Defendant Carnival exercised control through supervision and implementation of procedures. The joint proprietary interest element is also found to be met, albeit indirectly, through Plaintiff's allegations that Carnival owned the medical facilities while Dr. Herrera supervised and invested time into running the medical center. Finally, the Magistrate concludes that the profit and loss element is met because Plaintiff has alleged that the profits derived from the activities were divided among the defendants. Ultimately, the Magistrate concludes that although this is a close case, "the Complaint provides enough factual material to raise the right to relief above the speculative level." DE 12 at 10.

With respect to the loss of consortium claim, the R&R recommends dismissal with prejudice, as it is well established that general maritime law does not recognize recovery for loss of consortium in personal injury cases. The R&R further notes that Plaintiff failed to present any binding precedent to the contrary.

The Court has performed a *de novo* review of the record, the R&R, and the parties' responses. After careful consideration, the Court finds that the R&R has set forth sound reasoning and accurately reflects the law of the case.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judge Simonton's July 5, 2017 Report and Recommendation (**DE 12**), be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court.

2. Defendant Carnival's Motion to Dismiss (**DE 6**) be, and the same is, hereby **GRANTED in part WITH PREJUDICE as to Count V (Loss of Consortium)** and **DENIED in part as to Count IV (Joint Venture).**

3. Defendant Carnival shall **ANSWER** the Complaint (DE 1) within **fourteen (14)** days of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 10th day of August, 2017.

REPORT AND RECOMMENDATION RE: DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ANDREA M. SIMONTON, CHIEF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, ECF No. [6]. The Honorable James Lawrence King, United States District Judge, has referred the Motion to the undersigned Magistrate Judge, ECF No. [7]. For the reasons set forth below, the undersigned recommends

that Defendant's Motion granted in part and denied in part.

## I. BACKGROUND

On March 20, 2017, the Plaintiffs filed their five-count Complaint, ECF No. [1]. Plaintiff Dana Terry seeks to recover damages in the first four counts on the following theories: negligence of Dr. Herrera, liability of Carnival for medical negligence based upon actual agency, vicarious liability of Carnival for medical negligence based upon apparent agency, and joint venture. Count 5 is a derivative claim for loss of consortium by Plaintiff Tyrone Terry.

Plaintiff[1] alleges that while she was a passenger on board the *Carnival Pride,* in December 2015, the ship's medical staff, including Dr. Herrera failed to properly diagnose and treat her impending stroke. Plaintiff alleges that her stroke was allowed to progress to an acute stroke resulting in severe permanent injuries, including a left-sided hemiparesis, which requires constant help and supervision and the use of a wheelchair for ambulation, among other injuries. Plaintiff Tyrone Terry alleges that as a direct and proximate result of the negligence of the Defendants, and the resulting injuries and disabilities sustained by his wife, Plaintiff Dana Terry, he has sustained a loss of his wife's services, comfort, consortium, society and attentions in the past and the future.

On April 10, 2017, Defendant Carnival filed its Motion to Dismiss asserting that the Plaintiff's claims for joint venture and loss of consortium should be dismissed.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). However, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.,* 998 F.2d 904, 912 (11th Cir. 1993). Thus, a complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

## III. DEFENDANT'S MOTION TO DISMISS

### A. Liability Based Upon Joint Venture

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Carnival asserts that the Plaintiff's claim for joint venture should be dismissed. The Defendant asserts that in order for a plaintiff to state a claim for joint venture the plaintiff must allege: 1) the intention of the parties to create a joint venture; 2) joint control or right to control; 3) joint proprietary interest in the subject matter of the joint venture; 4) the right of all venturers to a share in the profits; and 5) the duty of both to share in the losses. Defendant Carnival asserts that the Plaintiffs have not pled facts that might plausibly establish the existence of a joint venture pursu-

---

1. "Plaintiff" refers to Plaintiff Dana Terry un-     less otherwise indicate.

ant to which Carnival would be liable for any alleged negligence on the part of the shipboard physicians and/or medical staff.

Plaintiff asserts that she has sufficiently stated a claim for joint venture, and also asserts that the existence of a joint venture is a question of fact which is not properly the subject matter of a motion to dismiss. The Plaintiff also contends that courts in this district have rejected the "hyper technical application of the elements of a joint venture" and recognized that these elements may be inferred from the surrounding circumstances.

■ The undersigned recognizes that Carnival has accurately stated the elements to be considered when analyzing a joint venture claim and will address each element in turn.[2]

### i. Intention

■ Carnival contends that in Count 4[3] of the Complaint the Plaintiff has failed to allege that Carnival and/or medical staff intended to enter into a joint venture with Defendant Herrera. Carnival asserts that the Plaintiff has failed to allege that there is a writing between Carnival and the shipboard physician and/or medical staff expressing intent to enter into a joint venture, nor has the Plaintiff alleged that there is an oral agreement. Defendant Carnival asserts that Plaintiff's allegation that Carnival and the health care providers had a "common purpose" and "community of interest" to "successfully and legally carry out its business model and operations" is not only conclusory, but

fails to allege that such care was intended to be achieved through joint venture.

The Plaintiff asserts that a written agreement expressing an intent to form a joint venture is not a prerequisite to the existence of a joint venture, and asserts that it is not even necessary to allege a verbal agreement, as intent can be inferred from the circumstances surrounding the relationship. The Plaintiff contends that what is important is not whether an express agreement exists but rather whether the parties' conduct evidences such an intent. The Plaintiff contends that in her Complaint, she asserts that Carnival was engaged in the business of providing cruise vacations and that Carnival markets its ability to provide passengers with proper and qualified medical care through the operation and maintenance of modern medical facilities aboard its vessels staffed with qualified doctors and nurses as part of Carnival's business plan. The Plaintiff contends that the Complaint also states that Carnival entered into a joint venture with Dr. Herrera to work as the vessel's senior medical officer to maintain, operate and supervise the medical center aboard the *Carnival Pride,* and to assist Carnival in complying with its various regulations. The Plaintiff contends that the allegations of the Complaint far exceed those found sufficient in similar circumstances.

The Plaintiff is correct in asserting that an express contract is not necessary for finding that there is a joint venture between parties. In *Fulcher's Point Pride Seafood, Inc. v. M/V Theordora Maria,*

---

**2.** In order to state a claim for a joint venture the Plaintiff must allege: 1) the intention of the parties to create a joint venture; 2) joint control or right to control; 3) joint proprietary interest in the subject matter of the joint venture; 4) the right of all venturers to a share in the profits; and 5) the duty of both to share in the losses. *Huang v. Carnival Corp.,* 909 F.Supp.2d 1356, 1361 (S.D. Fla. 2012).

**3.** The undersigned notes that the fourth count of the Complaint is identified by roman numerals that have been transposed so that it is labeled as "Count VI" rather than "Count IV." It is however, the fourth count in the Complaint and therefore it is referred to as Count 4 in this Report and Recommendation.

935 F.2d 208, 213 (11th Cir. 1991), the court found a joint venture where there was an informal agreement, stating that "the intentions of the parties are important to reveal the nature of an agreement, but not to suggest that they are paramount in a finding of joint venture. We conclude that whatever the true intent of the parties, their conduct (and intent thereby evidenced) created a joint venture." Here, while the Plaintiff does not allege a written contract between the Defendants, the Plaintiff does allege that Carnival included the operation and maintenance of modern medical facilities aboard its vessels staffed with qualified doctors and nurses as part of its business plan and entered into a joint venture with Dr. Herrera to work as the vessel's Senior Medical officer to maintain, operate and supervise the medical center aboard the *Carnival Pride*. The Plaintiff also alleges in the Complaint that "Defendant Herrera purposefully reached out to Defendant Carnival in Florida and entered into long term business arrangements with this Florida entity to provide medical services to cruise passengers and crewmembers for profit...." ECF No. [1] at 6. Unlike the complaint analyzed in *Skeen v. Carnival Corp.*, Case No. 08-22618, 2009 WL 1117432 at *3 (S.D. Fla. Apr. 24, 2009), cited by Carnival, the Plaintiff has asserted facts, e.g., the long term business arrangement, in support of the Plaintiff's contention that the parties intended to enter into a joint venture. Additionally, while Carnival relies heavily on *Huang v. Carnival Corp.*, 909 F.Supp.2d 1356 (S.D. Fla. 2012) in support of its Motion to Dismiss, the case at bar can be distinguished as the Court in *Huang* stated that most of the statements made in the complaint were mere recitals of the elements of a joint venture. Here, the Plaintiff has done more than simply recite the elements and instead has provided factual allegations in support of its contention that there was a joint venture between the parties. Furthermore, in similar instances courts have found that references to contractual arrangements is enough to satisfy this prong. *See Cordani v. NCL*, Case No. 15-23414, 2015 WL 7758512 at *3 (S.D. Fla. Dec. 1, 2015) (finding allegations of "contractual arrangements" between medical defendant and cruise line sufficient to survive motion to dismiss). Accordingly, the undersigned finds that the Plaintiff has adequately pled that there was an intention by the parties to enter into a joint venture.

### ii. Joint Control

Defendant Carnival asserts that the Plaintiff has failed to allege sufficient facts to establish joint control or right of control. Carnival asserts that the Complaint instead includes an assertion for a respondeat superior relationship, and the Plaintiff failed to allege that Carnival and the shipboard physicians and/or medical staff jointly controlled or jointly had the right of control over any portion of specific medical care and decision making provided to passengers.

The Plaintiff asserts that the Complaint clearly alleges joint control and right of control, and the allegations exceed those required to sufficiently allege joint control. The Plaintiff alleges that she sufficiently alleged joint control by alleging that Carnival owns the ship's hospital, but entrusted its operation to Dr. Herrera.

In the Complaint, the Plaintiff alleges that

The Defendants Carnival and Herrera maintained joint control over the joint venture. As Senior Medical Officer aboard the vessel, Dr. Herrera exercised day-to-day control over the operation and maintenance of the medical facility and the treatment of passengers at it. The Defendant Carnival exercised control through the monitoring and supervi-

sion by its shoreside medical department and through the development of standards, policies, procedures and guidelines to which it required Dr. Herrera to adhere and also through its constant electronic communication with the medical center wherever the ship sailed throughout the world. ECF No. [1] at 20.

Because it is alleged that Defendant Carnival oversaw control over the medical facilities from a shoreside perspective and Defendant Herrera maintained day-to-day control over the ship facilities, these allegations, taken as true for the purposes of the Motion to Dismiss, adequately allege that there was joint control between the Defendants.

### iii. Joint Proprietary Interest

█ Carnival alleges that the Plaintiff's allegation as to joint proprietary interest cannot plausibly satisfy that element as joint proprietary interest requires joint ownership of the subject matter of the contract. Carnival alleges that the Plaintiff merely alleges that Carnival created a billing system that the physicians and medical staff used to assess charges to passengers for services rendered and required the ship's physicians to comply with regulatory requirements. Carnival asserts that there are no allegations in the Complaint that Carnival and the shipboard physicians and/or medical staff jointly owned any resources pertaining to medical care provided to the ship's passengers.

The Plaintiff responds that Carnival's motion inaccurately implies that the Defendants must jointly own some physical asset. Instead, the Plaintiff asserts that a joint interest in the business enterprise between the parties satisfies the joint proprietary interest prong.

█ Joint propriety interest is defined as "joint ownership of the subject matter of the contract." *Skeen v. Carnival Corp.,*

Case No. 08-22618-CIV, 2009 WL 1117432 at *4 (S.D. Fla. Apr. 24, 2009). Here, while the Plaintiff does not allege that the Defendants jointly owned any resources or assets, that is not necessary for the existence of a joint venture. *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria,* 935 F.2d 208, 212 (11th Cir. 1991) (finding joint proprietary interest where one defendant owned the boats and the other operated the boats). The Plaintiff has alleged that the Defendants had a joint propriety interest in the subject matter of the contract, as the Plaintiff alleges that Carnival owned the medical facilities onboard the *Carnival Pride* and Dr. Herrera supervised the medical center, and invested his time and effort into the running of the medical center.

While the Plaintiff may not have alleged this factor in as clear a manner as some of the other factors, the "factors that indicate the existence of a joint venture do not need to be met point for point." *Id.* at 213 (affirming the finding of joint venture where the facts established some factors clearly, but others "only vaguely, if at all.") The undersigned finds that the Plaintiff has adequately alleged that there is a proprietary interest sufficient under the motion to dismiss standard.

### iv. Profit and Loss

█ Carnival contents that the Plaintiff does not allege any particular facts demonstrating that the shipboard physicians and/or medical staff have a right to share in any profits made by Carnival or a duty to share in any losses suffered by Carnival with respect to the provision of medical care to passengers. Carnival asserts that the Plaintiff does not allege a relationship whereby one party is required to share the excess of revenues over expenditures or that one party is exposed to liability to creditors or third parties for any losses

sustained as a result of the relationship. Carnival contends that Plaintiff is merely describing the desired effect of any situation where an entity hires someone to perform a job, not a joint venture. Carnival also asserts that a duty to share in losses which is implied by virtue of the fact that the ship physicians provided labor, experience and skill is not enough to allege a share in profits/losses.

Plaintiff asserts that the Eleventh Circuit has held that the profits and loss elements of the joint venture relationship can be satisfied in many different ways and are not limited to explicitly sharing actual profits and losses, particularly where other circumstances suggest that profit from the enterprise was a motive for both parties. The Plaintiff asserts that the Complaint adequately alleges that each of the Defendants profited in different ways from the relationship, and the duty to share in losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill and the other party supplies the capital.

The Plaintiff is correct in asserting that in *Fulcher's Point*, the court held that the circumstances of an arrangement can indicate that profit from the enterprise was a motive for both parties. *Fulcher's Point* at 212,. It is also accurate that "In Florida a duty to share in losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital since in the event of a loss, the party supplying the knowhow would have exercised his skill in vain and the party supplying the capital investment would

have suffered a diminishment thereof." *Florida Tomato Packers, Inc. v. Wilson*, 296 So.2d 536, 539 (Fla. Dist. Ct. App. 1974) (internal citations omitted). Here the Plaintiff has alleged that the profits derived from the activities were divided by the Defendants, and also alleged that each Defendant profited in other ways from the joint venture by allowing Carnival to attract passengers to its ships which in turn created more potential patients and income for Defendant Herrera. While the Plaintiff's Complaint is lacking in allegations that the Defendants shared in the losses of the joint venture, because the undersigned has found that the other signposts of a joint venture are present, this is not fatal to the Plaintiff's Complaint.

In conclusion, while the undersigned recognizes that this is a close case, given the standard at the motion to dismiss stage, the undersigned finds that the Complaint provides enough factual material to raise the right to relief above the speculative level. This is not to say that the Plaintiff ultimately will prevail, even on a motion for summary judgment, but only that the Plaintiff has adequately pled a cause of action at this stage of litigation. As stated above the factors indicating a joint venture do not need to be met point for point. While the undersigned notes that courts in this district have both granted and denied motions to dismiss where a Plaintiff has asserted similar allegations regarding a joint venture between the cruise line and the medical provider, in this case the Plaintiff has made sufficiently specific allegations.[4]

4. For instance in *Gittel v. Carnival Corp.*, Case No. 14-cv-23234, 2015 WL 3650042 at *4 (S.D. Fla. June 11, 2015), the court found that the plaintiff did not adequately allege a joint venture where allegations as to profits and losses were stated as mere conclusions. In *Cordani v. NCL*, Case No. 15-23414-CIV-MORENO, 2015 WL 7758512 at *3 (S.D. Fla. Dec. 1, 2015), the court found that the Plaintiff did adequately allege a claim for joint venture where the Plaintiff alleged facts similar to the case at bar.

### B. Loss of Consortium Claim

█ Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Carnival asserts that the Plaintiff's loss of consortium claim should be dismissed with prejudice as it is improper under maritime law.[5] Defendant Carnival asserts that general maritime law does not recognize recovery for loss of consortium in personal injury cases.

The Plaintiffs assert that there is a split of authority on the issue of the recoverability of a loss of consortium damages in cruise ship passenger cases, and submits that in light of *Atlantic Sounding Co., Inc. v. Townsend,* 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009), the Court should find that such claims are cognizable.

In *Townsend,* the Plaintiff (a seaman injured while working) filed suit under the Jones Act and general maritime law alleging arbitrary and willful failure to provide maintenance and cure. *Id.* at 407, 129 S.Ct. 2561. The District Court denied the motion to dismiss but certified the question for interlocutory appeal. The Eleventh Circuit held that punitive damages may be awarded for the willful withholding of maintenance and cure. The Supreme Court then held that because punitive damages had long been an accepted under general maritime law, and under those principles, the Plaintiff was "entitled to pursue punitive damages unless Congress has enacted legislation that departs from the common-law understanding." *Id.* The Court found that the plain language of the Jones Act did not provide a basis for overturning the common-law rule allowing for punitive damages, and affirmed the Eleventh Circuit's ruling.

Prior to *Townsend,* it is undisputed that loss of consortium claims were not cogniza-

ble in maritime actions in this Circuit. The Eleventh Circuit has expressly held that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *In re Amtrak "Sunset Limited" Train Crash,* 121 F.3d 1421, 1429 (11th Cir. 1997) (quoting *Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565 (11th Cir. 1993)). The Plaintiffs contend that this is no longer good law after *Townsend.*

While the Plaintiffs spend a significant amount of time outlining the history of loss of consortium claims in passenger suits, the Plaintiffs do not provide any binding authority for the proposition that a loss of consortium claim is allowed in a personal injury maritime action, even after the *Townsend* decision. The Plaintiffs attach two orders where motions to dismiss loss of consortium claims were denied, but the orders do not reflect any analysis or description of the reasoning behind the denial of the motions to dismiss. Such orders can hardly be characterized as a "split of authority."

On the other hand, there is very persuasive authority that *Townsend* did not alter the binding precedent that loss of consortium claims are not allowed under maritime law. As the Court in *Ebert v. NCL,* Case NO. 09–cv023240–JORDAN, (S.D. Fla. Aug. 9, 2010) stated:

> The Eleventh Circuit has not directly addressed whether *Townsend* should be extended to allow loss-of-consortium claims, as well. The Eighth Circuit, however, has squarely addressed this point and, after extensively considering the history of loss-of-consortium claims, concluded: 'Applying the *Townsend* approach here, we conclude that there is no well-established admiralty rule, as

**5.** The Parties do not dispute that the maritime law of the United States applies to the Plaintiffs' claims.

there is respect to punitive damages, authorizing loss-of consortium damages as a general matter.' *Doyle v. Graske,* 579 F.3d 898, 906 (8th Cir. 2009). I agree with the Eighth Circuits reasoning.

As has been noted by other courts in this District, Townsend did not explicitly address loss of consortium claims, and given the lack of an Eleventh Circuit opinion abrogating the law as stated in *Amtrak* and *Lollie,* there is no maritime cause of action form loss of consortium. *Berns v. Royal Caribbean Cruises Ltd.,* Case 14–21428–CIV–WILLIAMS, 2014 WL 11997835 at *3 (S.D. Fla. Aug. 25, 2014) (dismissing claim for loss of consortium); *Williams v. Carnival Corp,* Case No. 15-cv-22763-MOORE, 2016 WL 245312 at *3 (S.D. Fla. Jan. 21, 2016) (same). Because *Townsend* was not directly on point regarding loss of consortium claims in personal injury maritime issues, this Court is bound by the precedent established in the Eleventh Circuit. *United States v. Kaley,* 579 F.3d 1246, 1255 (11th Cir. 2009) (the holdings of a prior opinion may be disregarded only where an "intervening Supreme Court case actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding").

Based upon the binding Eleventh Circuit precedent on this issue, the undersigned recommends that Plaintiff's loss of consortium claim be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, the undersigned Magistrate Judge

**RECOMMENDS** that the Defendant's Motion to Dismiss Plaintiffs' Complaint be **DENIED** in part with respect to Count 4 (Joint Venture), and **GRANTED** in part with respect to Count 5 (loss of consortium). The Defendant should be required to answer the Complaint within 14 days from the date of an Order on this Report and Recommendation.

The parties will have fourteen calendar days from the date of this Report and Recommendation within which to file written objections for consideration by the United States District Judge to whom this case is assigned. Any request for an extension of this deadline must be made within seven calendar days from the date of this Order. Pursuant to Eleventh Circuit Rule 3–1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

**DONE AND SUBMITTED** at Miami, Florida, on July 5, 2017.