160 So.2d 543 (1964)
Betty Jo DEESE, Appellant,
v.
WHITE BELT DAIRY FARMS, INC., a Florida corporation, and Bruce Bidding, Appellees.
No. 4202.
District Court of Appeal of Florida. Second District.
January 31, 1964.
Rehearing Denied February 21, 1964.
*544 Dean Tooker, Stuart, and Farish & Farish, West Palm Beach, for appellant.
Fee, Parker & Neill, Ft. Pierce, for appellees.
WHITE, Judge.
Appellant Betty Jo Deese was plaintiff in a personal injury action wherein she obtained a verdict. She is aggrieved by an order of the trial court which granted judgment for the defendants notwithstanding the verdict and further granted the defendants a new trial in the event the judgment should be reversed.
The plaintiff was injured when she fell from a horse named "Little Buck" owned by the corporate defendant and handled by co-defendant Bruce Bidding. She alleged and testified in substance that while working at Martin County Fair she was introduced to Bruce Bidding who invited her to ride a certain horse; that she informed Bidding she had never ridden, but Bidding said he would teach her to ride; that she and Bidding mounted separate horses and Bidding rode ahead leading plaintiff's horse by the reins; that after so proceeding for ten to fifteen minutes Bidding stated to plaintiff that the horse she was riding had been ridden only three times, and plaintiff became frightened and asked to be let off; that the horse bucked or reared and plaintiff fell to the ground and became unconscious; that the stirrups had not been adjusted and plaintiff had no means of control, and that even if she had such means she would not have known what to do; and plaintiff charged the defendants with negligence in permitting her on a horse which they knew or should have known was dangerous for her to ride; that the defendants failed to take due precautions for her safety and that as a result she suffered serious permanent injuries and disfigurement.
The defendants joined issue and affirmatively pleaded contributory negligence of the plaintiff. Defendant Bruce Bidding, manager of the corporate defendant, testified that the horse in question was just under three years old and had been broken gently; that he helped plaintiff mount the horse, and he led it by the reins from his position on another horse; that the plaintiff did not mention not having ever ridden. He denied telling plaintiff that the horse had been ridden only three times, testifying that it actually had been ridden many times. He contradicted plaintiff's testimony that he did not give instructions, and he denied that the stirrups were not adjusted. He testified that the horse had not thrown anyone and that no one had fallen from it. He stated that he did not see the plaintiff fall.
Witness W.C. McCall testified on behalf of the defendants that he saw the plaintiff "raise up" in the saddle as she was attempting to dismount. A county agent testified *545 that he saw the horse at the Fair and that it did not show a mean disposition. Peggy Bidding, daughter of defendant Bidding, testified that she and her brother and sister had ridden the horse without trouble. A private investigator, testifying for the plaintiff in rebuttal, stated that while he was at the farm observing the horse he heard defendant's witness W.C. McCall refer to it as "a wild s.b."
In granting defendants' motion for judgment notwithstanding the verdict, the trial court concluded that there was no showing that the horse had dangerous propensities and further concluded that the plaintiff's evidence, even if accepted in its entirety, failed to show negligence on the part of the defendants. In that portion of the order granting defendants' motion for a new trial, the trial court concluded that certain testimony was prejudicial to the defendants and had been received in evidence through inadvertence. The nature and import of this testimony will be pointed out later in this opinion.
The case developed trial problems of some difficulty. As we see it, however, the central problem was not duly resolved by the judgment entered. We think that upon a new trial, the order for which must be affirmed for reasons hereafter noted, the case again may be subject to jury consideration. This conclusion is reached on the basis of what appears to be material conflict in the evidence adduced at the trial here reviewed.
Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Cf. Ely v. Atlantic Coast Line R.R. Co., Fla.App. 1962, 138 So.2d 521, 524 and cases there cited. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App. 1963, 151 So.2d 838, 840. If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. e.g. Budgen v. Brady, Fla.App. 1958, 103 So.2d 672, 674. On the instant record we cannot agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff. Accordingly that portion of the order granting judgment notwithstanding the verdict is reversed.
The granting of the new trial is another matter, and we have indicated our approval of the trial court's ruling in that respect. The questioned testimony and the reason for granting a new trial are reflected in the following portion of the appealed order:
"Another ground urged by the Defendants in their Motion for New Trial is that the Court erred in permitting the Plaintiff to testify, after objection made and overruled, that she was compelled to work as she had no means of support for herself and her infant child other than her wages and to testify that she was receiving no financial help or support for herself and child from her former husband. At the time the Court admitted this evidence, it was of the opinion that such evidence was relevant upon the issue of future damages in that it showed a likelihood that the Plaintiff would continue to work. However, Defendants have cited to this Court the case of Baggett v. Davis, [124 Fla. 701] 169 So. 372 (1936), wherein the Supreme Court of Florida held that it was not permissible for a Plaintiff to testify that he had no means of support for his family other than his wages and that such testimony is calculated unduly to arouse the sympathy of the jury in favor of the Plaintiff to the detriment of the Defendant * * *." (Emphasis added)
*546 The plaintiff takes the position that if a new trial is approved, the trial should be directed only to the quantum of damages inasmuch as the objectionable testimony relates solely to that question. With this position we cannot agree.
Reversal of the judgment for the defendants does not imply liability of the defendants but determines only that the evidence adduced at the preceding trial was sufficient to withstand their motion for judgment non obstante veredicto. The testimony which was inadmissible broadly tended to prejudice the defendants, so their motion for a new trial was properly granted both as to liability and damages.
Reversed in part, affirmed in part, and remanded.
SMITH, C.J., and KANNER, J., concur.