174 So.2d 42 (1965)
Henry Junior CHOWNING, Appellant,
v.
Ruth Maloney PIERCE, Appellee.
No. 64-699.
District Court of Appeal of Florida. Third District.
April 6, 1965.
Rehearing Denied May 4, 1965.
*43 Dean & Adams and Charles K. George, Miami, for appellant.
Green & Hastings and Irma Robbins Feder, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by the defendant below from an adverse judgment rendered on a jury verdict in an action for damages for personal injuries arising out of an automobile accident.
The two motor vehicles involved collided at the intersection of Northwest 119th Street and 17th Avenue. The intersection was controlled by a traffic light. Plaintiff was a passenger in an automobile being driven by her husband, who was traveling east on 119th Street, which had four lanes for traffic. Plaintiff's husband was in the inner or north lane of the two lanes furnished for eastbound traffic, intending to turn left and proceed north on 17th Avenue. He stopped at the intersection for a red light. Opposite him, facing west there was a truck, which also had stopped for the light and the driver of which intended to turn left and go south on 17th Avenue. The defendant's vehicle was proceeding west on 119th Street at 30 to 35 miles per hour in the outer or north lane of the two lanes provided for westbound traffic. When the light changed the plaintiff's husband signaled for his turn and proceeded to make a left turn in the intersection, passing in front of the truck which was about to turn to the south. The collision occurred when the defendant's vehicle struck the side of the vehicle in which the plaintiff was riding. The point of the impact was in the north sector of the intersection. There was a conflict as to whether the impact point was in the northeast quadrant or northwest quadrant. One of the material questions relating to negligence of the drivers was whether, and to what extent the presence of the truck at the intersection operated to prevent the drivers from seeing one another; and if the truck was a visual obstruction, whether and to what extent either or both drivers may have been negligent for not exercising caution by not making allowance for the possible existence of the other in or at the intersection.
It was the appellant's contention, in arguing that the trial court was in error in refusing to grant defendant a summary judgment or a directed verdict, that the facts disclosed established as a matter of law that the plaintiff's husband was guilty of negligence which was the sole proximate cause of her injuries and that the defendant was free of any negligence proximately contributing thereto. In considering motions of the defendant for summary judgment and for directed verdict the trial judge was required to view the evidence in the light most favorable to the party moved against. On the facts disclosed we can not fault the trial judge for having concluded that the evidence presented issues *44 relating to negligence which were questions for jury determination.
We have considered other contentions presented by the appellant, dealing with certain rulings on the admission or exclusion of evidence, and refusal to give certain requested charges, and find those contentions to be without merit, as we hold also with reference to the final two points or contentions made by the appellant that the verdict was based on matters outside the evidence and was a quotient verdict. The record on which appellant relies to establish the latter contentions does not support them.
No reversible error having been made to appear the judgment appealed from is affirmed.
Affirmed.