225 So.2d 346 (1969)
Kevin McCABE, by and through His Mother and Next Friend, Nellie Owens, and Nellie Owens, Individually, Appellants,
v.
Jack WATSON, Appellee.
No. 68-675.
District Court of Appeal of Florida. Third District.
July 1, 1969.
Rehearing Denied August 18, 1969.
*347 Beckham & McAliley, Horton & Schwartz, Miami, for appellants.
Poole & Crary, Jeanne Heyward, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
The plaintiffs below have appealed from a final judgment entered by the trial court of defendant-appellee's motion for judgment non obstante veredicto. Prior to said judgment, the jury had returned its verdict in favor of the plaintiff, Kevin McCabe, assessing his damages at $6,000; and in favor of the plaintiff, Nellie Owens, assessing $1,000 as her damages. The verdict also found in favor of the defendant, Catherine Becker, and against the defendant Jack Watson who is the appellee here.
At the outset, we must call attention to the fact that a motion for judgment n.o.v., made on the grounds that the evidence was not sufficient to support the verdict, was not the proper motion to bring the court's attention to any alleged insufficiencies in the evidence. This situation is actually governed by Rule 1.480, Florida Rules of Civil Procedure, 30 F.S.A., and is properly entitled, "motion for judgment in accord with directed verdict". However, this mislabeling does not constitute harmful error where the substance of the motion is in accord with the rules. The case of De Mendoza v. Board of County Commissioners, Fla.App. 1969, 221 So.2d 797 (Third District Court of Appeal) dealt specifically with these very same motions, and proceeding upon that authority, we now treat appellee's motion for judgment n.o.v. as a motion for judgment in accord with motion for directed verdict.
Motions for directed verdict, judgment in accord with directed verdict, and judgments n.o.v. all share the following rules as to their application by the trial court: they should be cautiously granted, and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to the judgment as a matter of law. Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; Deese v. White Belt Dairy Farms, Inc., Fla.App. 1964, 160 So.2d 543. Moreover, the validity of an order granting either the motion in accord with directed verdict, or granting the motion for judgment n.o.v., should be tested by the rules applicable to motions for directed verdict, since the three motions are essentially the same except for the time of entry in relation to the jury's return of its verdict. Smith v. Peninsular Ins. Co., Fla.App. 1965, 181 So.2d 212, 19 A.L.R.3d 1326.
Thus, we must view the following facts in a light most favorable to the appellants, and answer this legal inquiry: Whether the jury, after receiving the testimony and evidence presented at trial, could reasonably have found or inferred that the defendant, Watson, was liable for the plaintiff's injuries?
In August, 1966, at about 10:30 on a clear morning, the plaintiff, Kevin McCabe, was requested to retrieve a set of keys which his parents had left in their car's ignition. Kevin was twelve years old at the time. His family's car was parked across the street from the house Kevin and his family were visiting. The neighborhood was residential, and the north-south street that Kevin was required to cross was a narrow, two-lane roadway. The family car was located on the east side of the street with its front end pointed south.
Parked across the street on the west side, and slightly to the north of Kevin's family car, was another auto owned by the defendant, *348 Watson. The Watson car was parked facing south in such a manner that one-fourth to one-half the car rested on the grassy area adjacent to the street, while the rest of the car protruded onto the street itself, thereby obstructing the passage of cars on the southbound lane. This was admittedly in violation of the Code of Metropolitan Dade County, § 30-80.2.
Kevin entered his family's auto and got out from the driver's side. He then walked around to the rear of the car and prepared to cross the street to return to the house. He testified that he first looked to his left, i.e., looking south down the northbound lane for northbound traffic. Seeing none, he took one step into the street itself and was struck in the right leg by the car being driven by the defendant, Catherine Becker.
Mrs. Becker testified that, at the time immediately preceding the accident, she was driving at ten to fifteen miles per hour in a southerly direction. She stated that she had been forced onto the wrong side of the street because of the protrusion of Watson's car into the lane of her vehicle. She also specifically stated that she could not avoid hitting Kevin McCabe. There were no skid marks left by her car, and injuries were confined to Kevin's right leg.
Appellee contends that the court was correct in rejecting the jury's assessment of facts before it, relying on Hendricks v. Dailey, Fla. 1968, 208 So.2d 101, which stated that a motion for judgment n.o.v. is proper if there is no evidence or reasonable inference to support the opposing position. This is certainly a correct axiom of the broader rules governing judgment n.o.v. quoted above. However, we cannot agree with the court's or the appellee's application of the rule to the evidence before us. The appellee argues that in no way could his improperly parked car have proximately caused the accident. Questions of proximate cause are for the jury. Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606; Dabney v. Yapa, Fla.App. 1966, 187 So.2d 381; Chowning v. Pierce, supra.
Courts in this state have considered and accepted the premise that a defendant's improper parking of a vehicle in violation of a traffic regulation may be the proximate cause of injuries to other parties who deviated from an otherwise proper path of travel because of said parking. The case of Rodi v. Florida Greyhound Lines, Fla. 1953, 62 So.2d 355, is factually similar to the case sub judice. The defendant's driver had parked his bus on a highway at night; plaintiff, while attempting to drive around the bus, collided with an oncoming car. The Supreme Court reversed the trial court's entry of a directed verdict, requiring it to submit to the jury all issues of negligence, contributory negligence, and proximate cause.
In Booth v. Mary Carter Paint Company, Fla.App. 1966, 182 So.2d 292, plaintiff sought wrongful death recovery when his wife crashed into the rear of one of the defendant's trucks which was stopped on a highway while its driver conversed with the driver of another stopped truck which was located on the opposite side of the highway. In an authoritative opinion, Judge Pierce set forth a thorough analysis of the legal issues raised by the substantive questions of proximate cause, and the procedural issues raised by the defendant's motion for summary judgment. Cited with approval therein is a statement found in 7 Am.Jur.2d Automobiles and Highway Traffic § 373, where it is stated:
"The responsibility for injuries may be imposed upon the operator of a motor vehicle which is operated in such a negligent manner as to cause the injured person or his property to come or be thrown into the path of another vehicle, or to cause a second vehicle to swerve from its course * * * thereby causing injury to others or their property."
We find merit and logic in this statement.
We must conclude that the trial court erred when it granted appellee's motion for judgment n.o.v. Even if the court had treated said motion as one requesting *349 judgment in accord with directed verdict, the granting of appellee's motion was error. The evidence and testimony relating to the issue of proximate cause was properly before the jury. They resolved the conflicting evidence in favor of the driver, Becker, and in favor of the appellant, McCabe. Moreover, the jury specifically found against the owner of the improperly parked car, Watson. Upon the record shown, this finding should not have been invaded by the court.
Reversed.