PER CURIAM.
Plaintiff/appellant suffered a directed verdict in her action against appellee for injuries sustained when she was thrown to the floor of a city bus in which she was a paying passenger. The alleged injuries occurred when the bus was forced to swerve into the curb to avoid hitting a car which had suddenly pulled out in front of it. We reverse.
The record reveals sufficient evidence of a prima facie breach of the city’s high degree of care owed to its passengers for hire, and therefore the jury should have been permitted to decide the issues of negligence and damages. There was some evidence that the bus was traveling 45 m. p. h. in a 35 m. p. h. zone when the car pulled in front of it. If true, this was some evidence of negligence.[1] The sudden emer *640 gency theory, the apparent basis of the directed verdict, could not exonerate the City if the emergency resulted from the negligence of its driver. Additionally, the question of proximate causation is also a jury question.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the case is remanded for a new trial.
Reversed.
HOBSON, A. C. J., and McNULTY and GRIMES, JJ., concur.

. Cf. Seaboard Coast Line Railroad Company v. deJesus (Fla.App.2d, 1972), 266 So.2d 108; see also, Instruction. 4.11, Fla. Standard Jury Instructions, 31 F.S.A.