306 So.2d 209 (1975)
Edward Daniel BROWN, Administrator of the Estate of Jesse Daniel Brown, for the Use and Benefit of the Estate of Jesse Daniel Brown, et al., Appellants,
v.
Ronnie Wayne WALKER, an Individual, et al., Appellees.
No. V-296.
District Court of Appeal of Florida, First District.
January 6, 1975.
Rehearing Denied February 7, 1975.
*210 Paul Shimek, Jr., Pensacola, for appellants.
Jon D. White of Fisher, Hertz & Bell, Pensacola, for appellees.
PER CURIAM.
In view of our decision to reverse, the only point on appeal that needs to be considered is that the trial court erred in granting a motion for judgment in accordance with defendants-appellees' motion for directed verdict after the jury found for the plaintiffs-appellants.
On June 30, 1973, during the early night, plaintiff-appellant decedent was driving his automobile west on U.S. 90 (a four-lane highway) at a speed of approximately fifty-five miles per hour. Decedent was driving in the right lane of traffic and upon approaching a slow moving vehicle, switched to the left lane. Appellee Tolbert's truck which was driven by appellee Walker, was stopped in an attempt to make a U-turn across the median with a small portion of the trailer protruding into the left lane of traffic. Decedent, about twenty yards from the trailer, moved into the left lane of traffic to pass the slow moving vehicle in the right lane and plowed his car into the portion of the tractor-trailer which was protruding into the left lane resulting in his death. Upon proffered instructions, the jury returned a verdict in favor of appellants.
It is elementary that when "the question of negligence depends on a disputed state of facts, or when the facts, though not disputed, are such that different minds may reasonably draw different conclusions from them the question is for the jury", Belden v. Lynch, 126 So.2d 578 (Fla.App. 2nd 1961). A motion for judgment notwithstanding the verdict should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. The trial judge is authorized to grant such a motion only if there is no evidence or reasonable inferences to support the opposing position, Stirling v. Sapp, 229 So.2d 850 (Fla. 1969). Such is not the case here.
The judgment appealed is reversed with directions to enter a final judgment in accordance with the verdict of the jury.
RAWLS, C.J., JOHNSON, J., and SPECTOR, SAM, Associate Judge (Retired), concur.