333 So.2d 548 (1976)
Jack HEYMAN, Appellant,
v.
Gerald M. WEINSTEIN et al., Appellees.
No. 75-645.
District Court of Appeal of Florida, Third District.
April 20, 1976.
Rehearing Denied May 12, 1976.
Turner & Shapiro, Miami, for appellant.
Weithorn & Mazloff, Coral Gables, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Jack Heyman, plaintiff in the trial court, from a final judgment in favor of the defendants, Gerald M. Weinstein, Sidney Katz and Kawe, Inc., d/b/a Regent Drugs, notwithstanding jury verdicts for the plaintiff against all defendants.
The record reflects the following facts: Plaintiff Heyman became acquainted with defendants Katz and Weinstein and their Regent Drugs pharmacy when he picked up medicines for his sick daughter. The three men began conversing. Katz and Weinstein complained that they would like to run the pharmacy at Miami Dade General Hospital, but that the hospital ignored their proposals. Heyman remarked that he had known the executive director of the hospital for many years, and he could make sure that their proposal would be read. Weinstein and Katz were "delighted", and signed a contract on behalf of themselves and of KAWE, Inc. d/b/a Regent Drugs, promising Heyman 3 per cent of all gross sales "made to the operation presently called Miami Dade General Hospital . . This agreement is compensation for the efforts extended by Jack Heyman in obtaining the agreement between said hospital organization and Gerald Weinstein and/or Sidney Katz and/or Regent Drugs. This agreement is null and void in the event the affiliation is not secured between the hospital and Gerald M. Weinstein and Sidney Katz and/or Regent Drugs." Heyman delivered a copy of Regent Drugs' proposals to the secretary of the executive director of the hospital. The hospital was interested and ultimately, the defendants received the pharmacy contract at Miami Dade General. At the last minute, however, WEKA, Inc. (Weinstein KAtz) was substituted for KAWE, Inc. (KAtz WEinstein) as the named concessionaire. The hospital did not object to the substitution. WEKA, Inc. stock is held by Mrs. Katz (one-third), Mrs. Weinstein (one-third) and one Mr. Cartun *549 (one-third). Its Miami Dade General concession is being run by Katz and Weinstein. Weinstein was the negotiator for both KAWE and WEKA.
Heyman demanded his 3 per cent commission, but Weinstein and Katz refused to pay. Heyman then instituted this suit, whereby he sought an accounting, declaratory relief and damages against the defendants, Katz, Weinstein, KAWE and WEKA, for an alleged breach of contract. The cause proceeded to a jury trial. All defendants moved the court for directed verdicts. The court reserved ruling. The trial culminated in four verdicts for the plaintiff, Jack Heyman. The jury found "a valid contract against" each of the four defendants, Gerald M. Weinstein, Sidney Katz, KAWE, Inc., d/b/a Regent Drugs, and WEKA, Inc., performed by the plaintiff and "plaintiff is entitled to an accounting." Defendants Gerald M. Weinstein, Sidney Katz and KAWE, Inc., filed a motion for judgment notwithstanding the verdict and a motion in arrest of judgment. The trial court granted both motions and entered the final judgment herein appealed, dismissing the plaintiff's cause with prejudice as against these three defendants. This appeal ensued.
Heyman contends that the trial court erred in vacating the jury verdicts by granting the defendants' motion for judgment notwithstanding the verdict. Having carefully reviewed the record, we agree. Motions for judgment notwithstanding the verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Smith v. Peninsular Insurance Company, Fla.App. 1965, 181 So.2d 212. When filing a motion for judgment notwithstanding the verdict, as with a motion for directed verdict, the movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla. App. 1963, 151 So.2d 838, 840. As stated by this court in McCabe v. Watson, Fla.App. 1969, 225 So.2d 346, 347,
"Motions for directed verdict, judgment in accord with directed verdict, and judgments n.o.v. all share the following rules as to their application by the trial court: they should be cautiously granted, and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to the judgment as a matter of law. Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; Deese v. White Belt Dairy Farms, Inc., Fla. App. 1964, 160 So.2d 543."
By filing a motion for judgment notwithstanding the verdict, the defendants have admitted all evidence against them. A thorough review of all of the evidence presented to the jury in a light most favorable to the plaintiff, demonstrates that there was evidence and there are reasonable inferences which could be drawn from that evidence by the jury. Accordingly, the trial court committed reversible error in vacating the jury's verdicts and substituting its own evaluation of the weight of the evidence. The final judgment is reversed with directions to reinstate the jury verdicts against Katz, Weinstein and KAWE and to enter an order consistent therewith.
Reversed with directions.