PER CURIAM.
This is an appeal by Jack Heyman, plaintiff in the trial court, from a final judgment in favor of WEKA, Inc., one of four defendants, notwithstanding jury verdicts for the plaintiff against all defendants. This appeal grows out of the same suit as Heyman v. Weinstein, Fla.App.1976, 333 So.2d 548, however, a separate judgment was entered against the other three defendants. The parties did not request, and this court did not enter, an order of consolidation on appeal.
The record reflects the following facts: Plaintiff Heyman became acquainted with defendants Katz and Weinstein and their Regent Drugs pharmacy when he picked up medicines for his sick daughter. The three men began conversing. Katz and Weinstein complained that they would like to run the pharmacy at Miami Dade General Hospital, but that the hospital ignored their proposals. Heyman remarked that he had known the executive director of the hospital for many years, and he could make sure that their proposal would be read. Weinstein and Katz were “delighted”, and signed a contract on behalf of themselves and of KAWE, Inc. d/b/a Regent Drugs, promising Heyman 3 per cent *551 of all gross sales “made to the operation presently called Miami Dade General Hospital . . . This agreement is compensation for the efforts extended by Jack Heyman in obtaining the agreement between said hospital organization and Gerald Weinstein and/or Sidney Katz and/or Regent Drugs. This agreement is null and void in the event the affiliation is not secured between the hospital and Gerald M. Weinstein and Sidney Katz and/or Regent Drugs.” Heyman delivered a copy of Regent Drug’s proposals to the secretary of the executive director of the hospital. The hospital was interested and ultimately, the defendants received the pharmacy contract at Miami Dade General. At the last minute, however, WEKA, Inc., (WEinstein KAtz) was substituted for KAWE, Inc., (KAtz WEinstein) as the named concessionaire. The hospital did not object to the substitution. WEKA, Inc., stock is held by Mrs. Katz (one-third), Mrs. Wein-stein (one-third) and one Mr. Cartun (one-third). Its Miami Dade General concession is being run by Katz and Wein-stein. Weinstein was the negotiator for both KAWE and WEKA.
Heyman demanded his 3 per cent commission, but Weinstein and Katz refused to pay. Heyman then instituted this suit, whereby he sought an accounting, declaratory relief and damages against the defendants, Katz, Weinstein, KAWE and WEKA, for an alleged breach of contract. The cause proceeded to a jury trial. All defendants moved the court for directed verdicts. The court reserved ruling. The trial culminated in four verdicts for the plaintiff, Jack Heyman. The jury found “a valid contract against” each of the four defendants, Gerald M. Weinstein, Sidney Katz, KAWE, Inc., d/b/a Regent Drugs, and WEKA, Inc., performed by the plaintiff and “plaintiff is entitled to an accounting.” Defendant, WEKA, Inc., filed a motion for judgment notwithstanding the verdict or in arrest of judgment. The trial court granted both motions and entered the final judgment herein appealed.
On appeal, Heyman contends that the trial court erred in vacating the jury verdict by granting WEKA, Inc.’s, motion for judgment notwithstanding the verdict. Having carefully reviewed the record, we agree. Motions for judgment notwithstanding the verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Smith v. Peninsular Insurance Company, Fla.App.1965, 181 So.2d 212. As with a motion for a directed verdict, when filing a motion for judgment notwithstanding the verdict, the movant admits all material facts as attested by his adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App.1963, 151 So.2d 838, 840. As stated by this court in McCabe v. Watson, Fla.App.1969, 225 So.2d 346, 347,
“Motions for directed verdict, judgment in accord with directed verdict, and judgments n. o. v. all share the following rules as to their application by the trial court: they should be cautiously granted, and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to the judgment as a matter of law. Chowning v. Pierce, Fla.App.1965, 174 So.2d 42; Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543.”
By filing a motion for judgment notwithstanding the verdict, the defendants have admitted all evidence against them. Therefore, we have reviewed the evidence presented to the jury in a light most favorable to the plaintiff, and we find that there was evidence and there are reasonable inferences which could be drawn from that evidence on which the jury could reasonably differ as to the existence of a material fact, especially the evidence that Weinstein *552 acted as the agent of both KAWE and WEKA. Accordingly, the trial court committed reversible error in vacating the jury’s verdicts and substituting its own evaluation of the weight of the evidence. The final judgment is reversed with directions to reinstate the jury verdict against WEKA and to enter an order consistent therewith.
Reversed with directions.