KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a final judgment dated May 3, 1976, in favor of appellee rendered pursuant to the trial court’s direction of a verdict at the conclusion of all of the evidence. The sole point raised on appeal is whether the trial court erred in holding that under no view the jury might lawfully take of the evidence could a verdict in favor of appellants be sustained under the law relating to the common carrier-passenger-sudden stop-injury context.
The principles, upon which motions for directed verdicts may be granted, are well established. See, e. g., Riviera Condominium Apts. v. Weinberger, 231 So.2d 850 (Fla. 3d DCA 1970); McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969); Chowning v. Pierce, 174 So.2d 42 (Fla. 3d DCA 1965); and Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla. 2d DCA 1964). We have carefully reviewed the record in the instant appeal and, based upon these principles, have concluded that the trial court erred in granting appellee’s motion for a directed verdict and in entering the final judgment in favor of appellee. Our review of the record shows that there was conflicting testimony which, if resolved by the jury in favor of appellants, could have sustained their cause of action. See, e. g., Wright v. City of St. Petersburg, 291 So.2d 639 (Fla. 2d DCA 1974); City of Coral Gables v. Patty, 162 So.2d 530 (Fla. 3d DCA 1964); and Blackman v. Miami Transit Co., 125 So.2d 128 (Fla. 3d DCA 1960).
Therefore, the final judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.