560 So.2d 1212 (1990)
UNITED FARM AGENCY OF FLORIDA, INC., a Florida Corporation for Profit, Appellant,
v.
DKLS, INC., a Dissolved Florida Corporation for Profit, Herbert H. Cameron, Trustee, and Herbert H. Cameron, Individually, Appellees.
No. 89-1953.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Rehearing Denied May 9, 1990.
Faerber & Miller and Nelson A. Faerber, Jr., Naples, for appellant.
Cunningham, Albritton, Lenzi, Warner, Bragg & Miller and Alfred O. Bragg, Marathon, for appellees.
Before SCHWARTZ, C.J., GERSTEN and GODERICH, JJ.
PER CURIAM.
The Plaintiff, United Farm Agency of Florida, Inc., appeals the trial court's order granting the defendants' motion for judgment notwithstanding the verdict. We reverse.
Clifford Wilson, a real estate agent for plaintiff, entered into an open and nonexclusive listing contract with Herbert Cameron on April 30, 1982. At that time Cameron was the president of DKLS, Inc. The plaintiff advertised the property nationwide in trade publications. Hotel Properties of America [HPA] contacted the plaintiff and, as a result, was put in contact with Cameron. HPA was in the process of analyzing resort and hotel properties for potential purchase. James Cohee, an employee and vice-president of HPA, was responsible for reviewing that particular property. In November 1982, Cohee went to inspect the property for HPA. During the meeting, Cohee asked if there would be any brokerage fees owed to Wilson. Cameron responded that there would not be any brokerage fees. Cameron told Cohee not to communicate further with Wilson. On December 23, 1982, HPA wrote Cameron informing him that they were no longer interested in the property. On December 26, 1982, Cohee wrote Cameron to inform him that he had left HPA, and was now interested in leasing the property. The December 26th letter was on Assets Development Group's [Assets Development] stationery. Assets Development then made an offer to purchase, but it was later withdrawn. Cohee once again contacted Cameron, but at this point Cohee was working for Mr. Barrington, a shareholder of Duck Key Club Ltd. [Duck Key]. The property was purchased by Duck Key on June 21, 1983. No real estate commission was ever paid to plaintiff. Thereafter, the plaintiff filed suit.
*1213 At trial, the court drafted an interrogatory type question that was presented to the jury. The question was whether the plaintiff was the procuring cause of the sale between the defendants and Duck Key. The jury was instructed that "`procuring cause' means that the broker must have brought the purchaser and seller together and effected a sale through continuous negotiations inaugurated by him unless the seller and buyer intentionally exclude the broker and thereby eliminate the need for continuous negotiations." The jury answered the question in the affirmative.
The defendants' counsel moved for a judgment notwithstanding the verdict arguing that when Cohee resigned from HPA this severed the basis for the procuring cause and left Cameron free to negotiate with Cohee. Counsel for defendants also argued that the "continuous negotiations" requirement was not met by the real estate broker, Wilson.
The issue on review is whether the trial court erred in granting the defendants' motion for judgment notwithstanding the verdict, thus overturning the jury's determination that the plaintiff was the procuring cause of the sale of the property to Duck Key. Motions for judgment notwithstanding the verdict should be resolved with caution because the granting of the motion holds that one side of the case is without probative evidence. See Stirling v. Sapp, 229 So.2d 850 (Fla. 1969); Heyman v. Weinstein, 333 So.2d 548 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1104 (Fla. 1977); Yacker v. Teitch, 330 So.2d 828 (Fla. 3d DCA 1976); Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla. 2d DCA 1964). In fact, the party which moves for the judgment notwithstanding the verdict "admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole." Deese, 160 So.2d at 545. Trial courts may grant motions for judgments notwithstanding the verdict only when there is no evidence or inferences which may support the opposing party's position. Stirling; Brown v. Walker, 306 So.2d 209 (Fla. 1st DCA 1975).
The issue of the procuring cause of sale is a question of fact. Clark v. Sherman, 452 So.2d 952 (Fla. 5th DCA), petition for rev. denied, 461 So.2d 115 (Fla. 1984) (trial court erred in directing verdict against real estate broker because whether broker was procuring cause of sale is a question of fact for the jury). As a question of fact, the issue was properly placed in the hands of the jurors. Clark. In the present case, the jury found that the plaintiff was the procuring cause of the sale to Duck Key after hearing all the testimony, considering the evidence presented, listening to arguments from counsel, listening to the instructions from the trial court, and listening to the trial court's clarification of the jury instructions.
In the instant case, by filing the motion for judgment notwithstanding the verdict the defendants admitted all material facts as attested to by its adversary and all reasonable inferences that could be drawn from the evidence as a whole. See Deese. In review of the evidence and testimony presented to the jury, in a light most favorable to the plaintiff, we find that the evidence and all reasonable inferences support the jury's verdict. Thus, we find that the trial court erred in vacating the jury's verdict.[1] Accordingly, we reverse with directions to reinstate the jury's verdict.
NOTES
[1] The plaintiff argues that the jury instruction defining "procuring cause" was incorrect. The jury instruction stated that the broker must be involved in "continuous negotiations, unless the seller and buyer intentionally excluded the broker... ." (emphasis supplied). The plaintiff contends that the instruction should have read "the buyer or seller intentionally excluded the broker... ." (emphasis supplied). As a result of the finding that the trial court erred in granting the motion for judgment notwithstanding the verdict, we do not need to address this issue.