JORGENSON, Judge,
dissenting.
I respectfully dissent. In my view, the trial court erred in granting the motion for judgment notwithstanding the verdict. The record reveals that there was probative evidence to support the jury’s finding that the parties did not enter into an oral agreement for a contingent fee. “Trial *1036 courts may grant motions for judgments notwithstanding the verdict only when there is no evidence or inferences which may support the opposing party’s position.” United Farm Agency v. DKLS, Inc., 560 So.2d 1212, 1213 (Fla. 3d DCA 1990) (emphasis in original). Although the court extensively quotes trial testimony that the parties had an oral contingent fee agreement, it fails to mention contrary testimony and the reasonable inferences that the jury could have drawn from that testimony. When the trial court overrode the jury’s finding that no oral contract had been breached and the attorneys were entitled to an hourly fee instead, it impermissi-bly sat “as a seventh juror with veto power.” Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970). Accordingly, I would reverse the order on appeal and remand with directions to reinstate the jury verdict.[1]

. I would also reverse that portion of the order on appeal that grants a new trial in the event that this court reverses the Order Granting the Motion for Judgment Notwithstanding the Verdict. For the reasons stated above, there is no support for the trial court’s finding that the jury verdict was against the manifest weight of the evidence. There is likewise no support for the finding that the jury exhibited any confusion. The special interrogatory verdict form was clear and simple and unequivocally set the reasonable value of the services performed at 1500,000.