GODERICH, Judge.
The plaintiff, Sandra Livingston, appeals from a final judgment entered pursuant to a jury verdict which found her to be fifty percent comparatively negligent. Livingston also appeals from the trial court’s order denying her motion to set aside the verdict and have judgment entered in accordance with her motion for directed verdict. We affirm.
On January 16, 1988, at approximately 3:30 a.m., Livingston, Larry Fitzpatrick and Dwight Bellamy were travelling in a van when it stalled and could not be restarted. Fitzpatrick, the van’s driver, and Bellamy testified that they exited the van and instructed Livingston to steer the van while they pushed the van toward a gas station. Fitzpatrick and Bellamy realized that the van was to heavy to push, so Fitzpatrick instructed Livingston to turn the wheel to the right to get the van off the road.
*527 While the van was being pushed, a tractor-trailer driven by Jeffrey Odell Curry for Smalley Transportation Company was approaching the disabled van. Curry did not see the van, Fitzpatrick or Bellamy. When Fitzpatrick realized that the truck was coming dangerously close, he yelled at Livingston to immediately exit the van. In the meantime, Fitzpatrick tried to wave the truck away. While Livingston was attempting to exit the van, the truck collided with the van causing the truck to overturn and land on the van. As a result, Livingston was severely injured.
Fitzpatrick testified that the van’s emergency flashers were on. However, Louis Burgett, an independent eyewitness, testified that the emergency flashers were not on. Officer Sanderlin testified that Fitzpatrick and Bellamy told him that they were not attempting to push the van off the road, but were pushing the van down the street to a gas station.
Burgett also testified that he saw a black Thunderbird on the shoulder of the road with its headlights on. Burgett also testified that he saw three or four persons standing in the lane next to the van. Livingston, Fitzpatrick and Bellamy denied “milling around” the van in the middle of the street or stopping to talk to anyone in the Thunderbird.
The paramedics testified that they did not see any indication that Livingston had been consuming alcohol. Additionally, the fire rescue chief also testified that he did not smell alcohol on Livingston’s breath. Fitzpatrick and Bellamy also testified that Livingston had not been consuming alcohol. Burgett, on the other hand, testified that he could smell alcohol from the fluids which were oozing out of her body.
At the close of all the evidence, Livingston moved for a directed verdict on the issue of comparative negligence. The trial court denied the motion. The jury found Curry fifty percent negligent and Livingston fifty percent negligent. The jury found that Livingston sustained $700,-000.00 in damages. Livingston’s award was reduced to $350,000.00. Judgment was entered. Livingston filed a motion to set aside verdict and have judgment entered in accordance with her motion for directed verdict. The motion was denied. This appeal followed.
The first issue under review is whether the issue of Livingston’s comparative negligence was properly sent to the jury. Livingston contends that the trial court erred in denying her motion for directed verdict on the issue of comparative negligence. We disagree.
As stated in Nelson v. Ziegler, 89 So.2d 780, 782 (Fla.1956):
A party moving for a directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence.
See also Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991); Yanks v. Barnett, 563 So.2d 776, 777 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 295 (Fla.1991); United Farm Agency of Florida, Inc. v. DKLS, Inc., 560 So.2d 1212 (Fla. 3d DCA 1990); Belcher v. James, 535 So.2d 299 (Fla. 5th DCA 1988). When applying these principles to the instant case, the trial court correctly denied Livingston’s motion for directed verdict as to the issue of comparative negligence. There was sufficient evidence for the jury to find that Livingston was comparatively negligent. For example, there was evidence that: a) Livingston may have been under the influence of alcohol; b) Livingston was attempting to maneuver the van to a nearby gas station instead of attempting to immediately remove the van from the street; c) Living *528 ston was maneuvering a disabled vehicle which did not have its emergency flashers on; and d) Livingston was “milling around” the van which was in the street.
Livingston also contends that the trial court erred in denying her motion to set aside the verdict and have judgment entered in accordance with the motion for directed verdict. We disagree.
A trial court may grant such motions “only if there is no evidence or reasonable inferences to support the opposing position.” See Stirling v. Sapp, 229 So.2d 850, 852 (Fla.1969) (emphasis in original). As stated above, there was evidence which demonstrates that Livingston was comparatively negligent. Accordingly, the trial court did not err in denying the motion to set aside the verdict and have judgment entered in accordance with the motion for directed verdict.
Accordingly, we affirm.
NESBITT, J., concurs.