305 So.2d 79 (1974)
The ALLEN MORRIS COMPANY et al., Appellants,
v.
Carolyn M. McNALLY, a Minor, by Her Father and Next Friend Lawrence R. McNally, Appellees.
No. 74-336.
District Court of Appeal of Florida, Third District.
December 3, 1974.
Rehearing Denied January 14, 1975.
Stephens, Magill, Thornton & Sevier, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
The appellants seek reversal of an adverse jury verdict in a personal injury action. The record on appeal discloses that the appellee, Carolyn McNally, was *80 the plaintiff in the trial court; that the appellants, The Allen Morris Company, American Motorist Insurance Company and Midland Insurance Company, were the defendants. The appellee instituted an action sounding in tort against the appellants as the result of a one-car accident wherein Carolyn McNally, a minor, nearing her majority, was the driver of the automobile. She sustained injuries in the accident.
The appellants have presented, in our opinion, two main points for review wherein they contend that the trial judge committed error. First, that the trial judge erred in admitting hearsay testimony. Second, that the trial judge erred in refusing to permit the defendants' expert to testify to the speed of the plaintiff's automobile.
Reviewing the record, it appears that the accident in question occurred as follows:
At approximately 7:00 P.M., on April 28, 1972, the minor plaintiff, Carolyn McNally, was driving in a westerly then southerly direction around a sweeping curve on Alhambra Circle in Coral Gables, Florida. One Miller, a named defendant who was subsequently voluntarily dismissed from the action by the plaintiff, was an employee of the defendant, Allen Morris Company. At the time aforementioned, he was driving east on South Greenway Drive and came to a stop for the stop sign controlling his direction of travel. He then proceeded across the intersection. Although the plaintiff had the right-of-way, she was caused to swerve and strike a roadside palm tree. There were several eye witnesses to the accident, two of whom testified that had the plaintiff not taken evasive action, she would have run into the defendant's vehicle which was crossing her path of travel. Immediately prior to the exact time of the accident, there had been rain in the vicinity and the streets were wet.
Considering the appellants' first contention, the testimony of which appellants complain, was elicited from two witnesses, the Reverend Kiernon Darcy, priest and close family friend, and Lawrence R. McNally, Carolyn's father. Appellants urge that their testimony is pure hearsay and inadmissible because it consisted of statements made by Carolyn, out of court, out of the presence of the defendants, brought in for their truth. We do not agree, and we find no abuse of discretion and no error in the admission of such testimony at the trial. The statements were admissible as an exception to the hearsay rule, even though the declarant, Carolyn McNally was available as a witness. They provide evidence of Carolyn's emotional condition during her hospitalization and during her period of recuperation at home, and her state of mind resulting from her physical injuries.
Turning to the second point on appeal, it is axiomatic that the trial court has, in the first instance, a responsibility of allowing or disallowing the testimony of an expert and he also has the responsibility to determine not only the qualifications, but also the range of subjects regarding which the expert can testify. Khrone v. Orlando Farming Corporation, Fla.App. 1958, 102 So.2d 399; Stephens v. Dichtenmueller, Fla.App. 1968, 207 So.2d 718. The appellants rely on such cases as Kerr v. Caraway, Fla. 1955, 78 So.2d 571, and Madden v. Killinger, Fla.App. 1957, 97 So.2d 205, to show that failure to allow expert testimony as to speed is error. We distinguish these cases, however, from the instant case, because there were no witnesses to the accident and no testimony of speed other than that of the parties involved; whereas in the case sub judice, there were several eye-witnesses who did testify as to their opinion of the speed of Carolyn's car. We find, therefore, no abuse of discretion in the court's failure to permit expert testimony as to the speed of Carolyn's automobile, especially where the testimony sought to have been elicited would have been based on scanty hypothetical facts.
*81 The remaining point on appeal is without merit and will not be discussed.
For the reasons above stated, the verdict and judgment appealed be and the same hereby are affirmed.
Affirmed.
BARKDULL, Chief Judge (concurring in part; dissenting in part).
I concur with the majority opinion as to the second point raised on appeal. However, I dissent from that portion that found the first point not to be well taken.
I recognize there is a considerable split of authority on whether a lay witness may testify as to expressions of pain and suffering allegedly made by a victim as an exception to the hearsay rule. See: Annotation in 90 A.L.R.2d 1071. This matter has not been faced by the courts of Florida apparently, and this case will be one of first impression. I recognize that statements made close enough in time as to be part of the res gestae are permissible and I also recognize that where the necessity of the occasion might require such testimony it would be permissible [if the victim was unable to testify in chief]. I also recognize that such testimony, as related to involuntary manifestations of pain, should be permitted; but I believe that purely voluntary declarative statements of a victim as to pain and suffering should not be admissible because to permit such would possibly enable a plaintiff to build his or her own case through hearsay statements made to lay witnesses who might have a considerable impact on the jury, such as the priest in the instant case who was permitted to testify over objections as to what the victim had told him out of the presence of the defendants and at a time remote from the res gestae.
I would therefore reverse the matter for a new trial on the issue of damages.