327 So.2d 39 (1976)
John A. LOMBARDI and Lois Lombardi, Appellants,
v.
The FLAMING FOUNTAIN, INC., Appellee.
No. 75-226.
District Court of Appeal of Florida, Second District.
February 13, 1976.
Charles R. Holley, Naples, for appellants.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
McNULTY, Chief Judge.
Appellants appeal from a directed verdict in favor of appellee in this slander action. The action arose out of an incident *40 in appellee's restaurant shortly after appellants and six companions had finished eating dinner therein. Allegedly, upon finding a salt shaker and cream pitcher missing, restaurant employees accused appellants and their companions of "thievery" or called them "thieves" in such loud voices as to be heard by other diners.
The two points argued before us relate to the requirement in an action for slander of "publication" of the slanderous epithet.[1] At trial the court refused to allow the complainants to testify to the fact that each of them had been told by third persons that they, the third persons, had heard from still others that complainants had been accused of theft. The court ruled that such testimony was hearsay and could not be admitted. In a related ruling, the court also ruled that the essential element of "publication" could not be shown solely by means of circumstantial evidence. The directed verdict followed.
Concerning the hearsay evidence, we agree with the trial court that the excluded testimony was inadmissible. The classic example of inadmissible hearsay evidence, of course, is in-court evidence of a statement made by another out of court, when the statement is being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.[2] On the other hand, if the point in issue is whether a statement was in fact made it is proper for a third party to testify himself as to what he overheard since his testimony would tend to prove only that what he heard was indeed said and not that what was said was true.
But here, the complainants' proffered testimony was not that they heard the statements but rather that other persons had told them they had heard the statements. Such would tend to prove that the statements were made all right, but the truth of whether it was in fact "published" to one other than the slandered party would depend upon the credibility of the out-of-court declarant. The testimony is therefore another example of clearly inadmissible hearsay.
Nevertheless, despite the proper exclusion of the aforesaid hearsay, the trial court improperly granted appellee's motion for a directed verdict since there was sufficient circumstantial evidence upon which a jury could infer the required publication. We find no support for the court's ruling that publication in a slander suit must be exclusively shown by direct evidence and not by circumstantial evidence. Florida courts have consistently held that circumstantial evidence is admissible generally in civil actions and, in fact, may often be more probative than direct evidence. Slander actions are no less amenable to that rule.[3] We hold, therefore, that in a slander action it is not necessary to produce witnesses who heard the slanderous words spoken. The jury may well infer publication if it is shown that the words were uttered in a loud voice in the presence of others and under conditions and circumstances in which a loud voice would likely be heard.
Since the testimony before the jury in this case indicated that in addition to the plaintiffs and their party there were six or eight other diners present when the alleged slander occurred, that the tone of voices was loud enough to be heard 40 or 50 feet away and that a normal dining atmosphere prevailed, there was sufficient circumstantial evidence we think from which a jury may well have inferred "publication." *41 Accordingly, it was error to direct a verdict for the stated reason that there was no direct evidence of "publication."
In view whereof, the judgment appealed from should be, and it is hereby reversed; and the cause is remanded for a new trial.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] See Campbell v. Jacksonville Kennel Club (Fla. 1953), 66 So.2d 495; Fiore v. Rogero (Fla.App. 2nd, 1962), 144 So.2d 99.
[2] See McCormick, Evidence § 246 (2d Ed. 1972).
[3] See Bonkowski v. Arlan's Dept. Store (1970), 383 Mich. 90, 174 N.W.2d 765; Southwest Drug Stores of Mississippi, Inc. v. Garner (Miss. 1967), 195 So.2d 837; Little Stores v. Isenberg (1943), 26 Tenn. App. 357, 172 S.W.2d 13; 50 Am.Jur.2d Libel and Slander § 446 (1970).