336 So.2d 397 (1976)
FOUNTAINHEAD MOTEL, INC., Appellant,
v.
Dorothy MASSEY, Appellee.
No. 75-961.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Rehearing Denied September 1, 1976.
*398 Horton, Perse & Ginsberg, Joseph C. Brannen, Miami, for appellant.
Philip M. Gerson, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, defendant below, appeals an adverse final judgment entered by the trial court, pursuant to a jury verdict, awarding appellee, plaintiff below, $35,000 in damages for injuries sustained by her in a slip and fall case.
Appellant contends that the trial court erred in denying its motions for a directed verdict and in ultimately entering judgment for appellee because the evidence was totally lacking in proof that appellant had actual or constructive knowledge or notice of the existence of the substance on its premises, which caused appellee to slip and fall, for a length of time sufficient to remedy the situation.
Appellee alleged in her complaint that she suffered serious personal injuries as a result of the negligence of appellant in maintaining and operating its motel. Appellee's allegation of negligence was predicated upon the following three theories: first, appellee contended that appellant was negligent by allowing the lights, which should have illuminated the staircase where she slipped and fell, to remain burned out for a period of one to two weeks prior to her accident; second, appellee contended that appellant was negligent in failing to provide appropriate facilities, supervision, rules, and regulations for pets staying at its motel (the testimony showed that the cause of appellee's slip and resulting fall was dog fecal matter on the staircase); and, third, appellee contended that, because appellant advertised that pets were acceptable at its motels, it created a foreseeable need for adequate facilities, supervision, and rules which appellant failed to provide.
It has been consistently held that motions for directed verdicts should be cautiously granted by a trial court, and only when, after viewing the evidence and testimony in a light most favorable to the nonmoving party, the court concludes that the jury could not reasonably differ as to the existence of a material fact or inference and that the movant is entitled to a judgment as a matter of law. See Chowning v. Pierce, 174 So.2d 42 (Fla.3d DCA 1965), and Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla.2d DCA 1964). Further, it is not the function of an appellate court to substitute its judgment for that of the jury on disputed questions of fact. On appeal from an adverse judgment after a jury verdict, an appellate court must view the record and all reasonable inferences therefrom in the light most favorable to the appellee. See Graves v. Wiggins, 257 So.2d 268 (Fla.3d DCA 1972), and Krasny v. Richter, 211 So.2d 612 (Fla.3d DCA 1968); and 2 Fla.Jur., Appeals § 308.
*399 We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated in the instant appeal. In our opinion, appellant's motions for directed verdicts were properly denied and the final judgment entered by the trial court pursuant to the jury verdict was correct. Accordingly, appellant's petition for a new trial was also properly denied. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.