383 So.2d 739 (1980)
194TH STREET HOTEL CORPORATION, D/B/a Sheraton Beach Hotel and Kent Insurance Company, Appellants,
v.
Janet Lia HOPF, Appellee.
No. 79-1882.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Jessie W. Miller, Hialeah, for appellants.
Rentz & Haggard; Daniels & Hicks and Sam Daniels, Miami, for appellee.
*740 Before SCHWARTZ and DANIEL PEARSON, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The defendant below appeals from a $75,000 judgment entered against it in a personal injury action on a jury verdict finding that it had been 75% negligent and that the plaintiff had sustained $100,000 in damages. We affirm.
The plaintiff, Janet Hopf, a 17-year old guest of the appellant's hotel, was severely injured when she slipped on a wet spot on a wooden walkway at the rear of the lobby. The defendant claims the right to a directed verdict on the ground that there was insufficient evidence that it had actual or constructive notice of the existence of the moisture on the floor. See, e.g., Friedman v. Biscayne Restaurant, Inc., 254 So.2d 831 (Fla. 3d DCA 1971). The correctness of this position is essentially irrelevant because the record shows both that the surface upon which the fall occurred had become dangerously worn, smooth, and therefore slippery, see Maas Bros., Inc. v. Bishop, 204 So.2d 16 (Fla. 2d DCA 1967), and that the entire area was insufficiently lighted. See Fountainhead Motel, Inc. v. Massey, 336 So.2d 397 (Fla. 3d DCA 1976); Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1976); Robinson v. Kiwanis Club of Delray Beach, 265 So.2d 387 (Fla. 4th DCA 1972). There was thus ample evidence that the defendant had negligently maintained its premises so as to require that the liability issue be submitted to the jury.
The two other points which merit discussion both concern the question of damages, concerning which the evidence revealed that, as a result of the fall, Ms. Hopf sustained a pneumothorax  a collapsed lung  which was repaired only by a painful operative procedure. When, soon afterwards, she returned home to New York, her lung collapsed again and further hospitalization was required. Her treating physician testified by deposition that a collapsed lung usually leaves adhesions which, within "reasonable medical probability," can cause pain and symptoms in the future. Moreover, he said a pneumothorax could recur at any time as a result of any subsequent trauma or even so much as a simple cough. Janet and her mother both stated that, because of her "constant fear" that her lung would again collapse, she no longer engaged in any of the myriad of activities in which she had participated before the accident. She testified that she felt "that it is just not fair that this should happen and that I always have to be afraid."
During the course of her testimony, Janet was permitted, over the defendant's hearsay objection, to testify as to what her doctor had told her about her future. Specifically, she stated that
"He told he that I would have to live with myself and to be careful never to strain myself."
The trial court ruled, and specifically instructed the jury, that this testimony was to be received and considered only for the purpose of demonstrating "the state of mind of this witness as she received this information from [the doctor]." We conclude, contrary to the defendant's contention here, that the admission of this evidence, for the limited purpose stated, was entirely correct. Since the statement was specifically not admitted to prove the truth of its contents, that is, the accuracy of the medical opinion that the plaintiff must avoid future strain, it should not technically be regarded as "hearsay" at all. See Lombardi v. Flaming Fountain, Inc., 327 So.2d 39 (Fla. 2d DCA 1976); § 90.801(1), Fla. Stat. (1979). In any case, whether treated as "non-hearsay," or, far less accurately, as an "exception" to the hearsay rule, it is well-settled that evidence of an out-of-court statement to show its effect upon the mental attitude of the person who hears it is properly admissible. 6 Wigmore on Evidence § 1789 (3rd ed. 1976); McCormick on Evidence § 249, text and cases at nn. 82-88 (2nd ed. 1972).[1] In this case, it was obviously *741 pertinent to the plaintiff's damage claims that her actions were restricted because of a reasonable belief that she must avoid future physical stress. Hence, it was perfectly proper for the jury to know one of the bases for that concern. Brown v. Coca-Cola Bottling, Inc., 54 Wash.2d 665, 344 P.2d 207, 209 (1959) is directly on point:
[T]he testimony of which appellant complains is not within the ban of the hearsay evidence rule. The words of Dr. Evans were not offered to prove their truth or falsity (i.e., as to whether respondent would have to undergo a major operation), but merely to establish the state of mind of respondent Brown which resulted from the doctor's statement to him. As such, respondent's testimony came within a well-recognized exception to the hearsay rule. [citing cases] The value of this evidence did not hinge upon the credibility of Dr. Evans, but rather upon that of respondent, who was testifying on the stand and was subject to cross-examination.
Accord, Ferrara v. Galluchio, 5 N.Y.2d 16, 176 N.Y.S.2d 996, 152 N.E.2d 249 (1958) (doctor's statement that plaintiff might develop cancer admissible to show resulting anxiety).
The defendant also claims that the trial judge erred in instructing the jury concerning the alleged permanence of the plaintiff's injuries. The basis of this contention is the fact that no specific expert medical opinion to this effect was in evidence. Again, we disagree. The testimony of the plaintiff and her mother that her activities would "always" be restricted  particularly when coupled with the doctor's testimony that there was an objective and sound medical reason for her apprehensions  fully justified the charge on permanent injury. Sullivan v. Price, 368 So.2d 614 (Fla. 1st DCA 1979); Gallub v. Del Vecchio, 301 So.2d 785 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 774 (Fla. 1975); Salvador v. Munoz, 193 So.2d 442 (Fla. 3d DCA 1966); see Corbett v. Dade County Board of Public Instruction, 372 So.2d 971 (Fla. 3d DCA 1979).
Affirmed.
NOTES
[1] This rule is to be distinguished from the admissibility of out-of-court statements to show the state of mind of the declarant. Hunt v. Seaboard Coast Line R. Co., 327 So.2d 193 (Fla. 1976); Allen Morris Co. v. McNally, 305 So.2d 79 (Fla. 3d DCA 1974); McCormick on Evidence § 249, text and authorities at nn. 89-96; § 294 (2nd ed. 1972).