NESBITT, Judge.
This appeal is from a summary judgment entered against the plaintiff, Luce Grenier, in an action for damages arising out of a slip-and-fall. We reverse.
We are presented with the question of whether there is a triable issue of fact in a situation where the knowledge of a danger possessed by a tenant-invitee is equal or superior to that of a landlord.
The appellant, a tenant, had lived in the appellee-landlord’s apartment for some two *705 years. There was an underground parking area beneath the structure. The tenant had parked her automobile in the area several times a week during her two-year tenancy. She was aware that puddles accumulated in the garage area after the rain. So was the landlord. The landlord’s custodian customarily placed boardwalks over the area after it rained so that the tenants did not have to walk through the puddles. On deposition, the tenant admitted have general knowledge of the area and admitted she was specifically aware of a puddle of water which she sought to step over on the day in question. That was, however, also the day that the custodian had not placed boardwalks for the convenience of tenants. The tenant stated that the area was dimly lit so that she did not observe a peripheral area containing a mixture of oil and water somewhere beyond the puddle which she tried to step over. She disavowed seeing and noticing the oil until after her fall when she observed it on her slacks. The tenant was injured in her fall and brought suit against the landlord. The landlord filed a motion for summary judgment which was granted and plaintiff brings this appeal.
The First District Court of Appeal adheres to the view that superior knowledge of a danger by a business invitee excludes the duty of the landowner to take precautions in respect to the invitee. Ball v. Ates, 369 So.2d 1023 (Fla.1st DCA 1979); Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla.1st DCA 1978). On more complex facts, the Fifth District Court of Appeal, in Pittman v. Volusia County, 380 So.2d 1192 (Fla.5th DCA 1980), held that superior knowledge alone did not prevent the question from being an issuable matter of fact for a jury. In Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla.2d DCA 1980), the Second District Court of Appeal emphatically held that, because of the doctrine of comparative negligence, the superior knowledge of an invitee or tenant is always a question of fact to be weighed against a landowner’s duty to warn.
In the instant case, we have the unqualified view that, despite the plaintiff’s general superior knowledge of the area, she did not have a particularized knowledge of the oil because she could not see it, apparently due to poor illumination. Consequently, it was not conclusively shown that she Had superior knowledge about the totality of the problem that precipitated her fall and resulting injury. Nor may the landlord proclaim that it had totally discharged its duty because there was apparently a failure on the part of the landlord to maintain the premises as evidenced by the poor illumination and the failure to place boardwalks on the day of the accident.
There is no question that the landlord had actual or constructive notice of the existence of the moisture on the floor or that the area was insufficiently lighted. Consequently, there was a factual issue as to whether the defendant had negligently maintained its premises. 194th Street Hotel Corporation v. Hopf, 383 So.2d 739 (Fla.3d DCA 1980); Fountainhead Motel, Inc. v. Massey, 336 So.2d 397 (Fla.3d DCA 1976), cert. denied, 344 So.2d 324 (Fla.1977); Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla.3d DCA 1975). There is also a question of whether or not the plaintiff had knowledge of the oily condition because of her alleged inability to observe the area due to poor illumination. Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla.3d DCA 1980).
For the foregoing reasons, we find that the summary judgment in favor of the defendant was prematurely entered. Reversed and remanded for further proceedings.