PER CURIAM.
The appellants, the Okeys, brought an action against their insurer, Monarch Insurance Company of Ohio, Inc., seeking recovery under their policy for damage to their house by fire. Monarch alleged in defense that the fire resulted from arson performed by the Okeys or their agent or agents. The plaintiffs were granted summary judgment on the issue of liability and trial was held on the issue of damages, the jury finding that the Okeys had sustained $21,000 of damage. In the meantime, the Fourth District Court of Appeal reversed the summary judgment for the Okeys, holding that there existed sufficient circumstantial evidence of the Okeys’ connection with the arson to present a jury question. Monarch Insurance Co. of Ohio, Inc. v. Okey, 370 So.2d 1153 (Fla.4th DCA 1978).
Upon remand, trial was limited to the question of liability. The Okeys stipulated that the fire was the result of arson, so the only issue to be tried was the Okeys’ connection, if any, to the arson. This trial resulted in a verdict and final judgment for Monarch. We reverse this judgment because of the improper admission of evidence.
Nason, a neighbor of the Okeys, was allowed to testify over objection that Hurley, an uncle of the Okeys’ son-in-law, told him that prior to the fire, the Okeys had replaced the good furniture in the house with items of poor quality. This testimony was inadmissible hearsay, Lombardi v. The Flaming Fountain, Inc., 327 So.2d 39 (Fla.4th DCA 1976), and its admission was highly prejudicial to the plaintiffs’ case.
Monarch had Carter, whose truck was found at the scene with the engine warm, testify to his activities on the day of the fire. He testified that he had left his truck at the Okey house at about 6:00 p. m. for repair of an overheating problem. Monarch then impeached Carter’s testimony with that of the fire chief, who stated that Carter had told him that Carter had been to the Okey house at 4:00 p. m. to feed the Okeys’ dog.
One seeking to impeach his own witness can do so only when he has been surprised by the witness’ testimony and the testimony is actually prejudicial to his case. Foremost Dairies, Inc., of the South v. Cutler, 212 So.2d (Fla.4th DCA 1968). Monarch cannot claim to have been surprised by Carter’s testimony, since it was consistent with his pre-trial deposition. Admission of this testimony was not harmless error, since it reflected on the credibility of a key witness.
*59 The trial was also marked by several incidents which should have resulted in a mistrial. Prior to trial, the Okeys stipulated that the fire was started by arson, which left for trial the issue of whether the arson was committed by the Okeys or their agents. In his opening statement, defense counsel made the statement that the plaintiffs had “admitted arson.” Defense counsel asked the fire marshal if plaintiffs counsel had accused him of conspiring against the plaintiffs. The jury was sent from the courtroom so many times in this hotly contested trial that one juror remarked that he was being “paid for hiking.”
The trial judge recognized the prejudicial effect of these occurrences, as he stated that he would have declared a mistrial, had this been a criminal case. However, he neglected to do so here because of his reluctance to reschedule the cause for its third trial. We are convinced that a mistrial should have been declared because the cumulative effect of these errors deprived the jury of the calm and considered atmosphere in which it should determine its verdict. See Seaboard Air Line Railroad Co. v. Ford, 92 So.2d 160 (Fla.1956).
The judgment for the appellees is reversed and the cause is remanded for new trial.
COBB, FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.