PER CURIAM.
Madick Developers, Inc. appeals an adverse final judgment after a bench trial. We affirm in part and reverse in part.
Appellee Heritage Corporation of South Florida was plaintiff below in a suit to collect, inter alia, a fee for arranging loans pursuant to a letter agreement between the parties. Madick contended that after initial involvement in negotiating the loan, Heritage effectively abandoned the project and forfeited the right to a fee. Heritage contended that it had substantially complied with its obligations under the letter agreement, that Madick and the lender chose to deal directly with each other while keeping Heritage informed of their progress, and that Heritage did all that was asked of it. As there was conflicting evidence presented at trial in support of these contentions, we do not disturb the trial court’s resolution of the conflict by which the court determined that Heritage had earned a fee. See Taylor Creek Village Association v. Houghton, 349 So.2d 1219 (Fla. 3d DCA 1977); Fountainhead Motel, Inc. v. Massey, 336 So.2d 397 (Fla. 3d DCA 1976), cert. denied, 344 So.2d 324 (Fla.1977).
We reach a different conclusion with regard to the amount of the fee. The agreement is clear on its face.* The agreement contemplated that there would be a construction loan and a permanent loan, and that Heritage would earn a fee of .75 percent of the loan amount for each loan. Heritage located the lender for the project and participated in obtaining the financing. However, the transaction was ultimately structured as a single thirty-year loan with a two-tier interest rate, a higher interest rate during the construction phase and a lower interest rate during the permanent phase. As there was but one loan, Heritage was entitled to a single fee, and was not entitled to a second fee when the loan interest rate dropped as the loan entered its “permanent” phase. We therefore reverse the final judgment on count three. In view of this result, Madick's remaining point on appeal and Heritage’s cross-appeal are moot.
Affirmed in part, reversed in part and remanded for entry of judgment in favor of Madick on count III.

 Were there ambiguity, it would be construed against Heritage, the drafter. Belen School, Inc. v. Higgins, 462 So.2d 1151, 1154 (Fla. 4th DCA 1984).