972 So.2d 301 (2008)
Roshan RAMKHALAWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1046.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
*302 Richard L. Rosenbaum of Arnstein & Lehr, LLP, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of three counts of capital sexual battery and other lesser charges. He argues that his convictions must be reversed because they are based on the testimony of a witness who had made prior statements which were inconsistent with her statements at trial. The cases on which appellant relies, however, are distinguishable because in those cases the witnesses had recanted at trial, and the only substantive proof of guilt consisted of prior statements. We affirm.
The convictions were all based on the testimony of the victim that appellant, a relative, had performed various sexual acts on her over a number of years. Finally, when the victim was eleven, and her mother became aware of what had happened, the victim gave the police a statement describing the events. Several months later she spoke to a prosecutor and reaffirmed her statement, but two weeks later recanted her accusations during a hearing. At the hearing, at which her whole family was present, she stated that it was someone other than the appellant who had molested her. It is this recantation on which appellant relies for his argument that her later testimony at trial, which was consistent with her first two statements, but inconsistent with her recantation, was insufficient to establish that appellant had committed the crimes. The cases on which appellant relies, however, are distinguishable, because in those cases the proof of guilt was based on pretrial statements which were inconsistent with the witness's trial testimony. State v. Moore, 485 So.2d 1279 (Fla.1986) (prior inconsistent statements which are the only substantive evidence of guilt, where witnesses recant at trial, are insufficient to sustain a conviction). *303 Beber v. State, 887 So.2d 1248 (Fla. 2004). In this case the trial testimony of the victim was consistent with guilt and sufficient to sustain the convictions.
The victim in this case testified that her recantation before trial was as a result of being pressured to recant by her father and other members of her family. This was confirmed by a letter her father had written her, which was in evidence. The essence of the letter was that, if the victim did not recant, he was going to kill himself. Appellant argues that this letter was inadmissible because it was hearsay. The letter, however, was not being admitted to demonstrate that what was said in the letter was true, but only to show the effect the letter had on the recipient. 194th St. Hotel Corp. v. Hopf, 383 So.2d 739 (Fla. 3d DCA 1980) (evidence of an out-of-court statement to show its effect upon the mental attitude of the person who hears it is admissible); Lombardi v. Flaming Fountain, Inc., 327 So.2d 39 (Fla. 2d DCA 1976) (witness could testify as to what he overheard in order to prove that he heard it, where it was not being admitted to show that the statement was true). Appellant's argument that the letter is inadmissible under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is also without merit, because the letter was not testimonial under Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).
We have considered the other points raised by appellant to be without merit and accordingly affirm his convictions.
POLEN and MAY, JJ., concur.